**The STATE of Ohio, Appellee,**

v.

**KINDER, Appellant.**

[Cite as *State v. Kinder* (2000), 140 Ohio App.3d 235.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT–2000–0024.

Decided Dec. 22, 2000.

*Shawn E. Crawmer,* Muskingum County Assistant Prosecuting Attorney, for appellee.

*Stubbins, Lewis, Watson & Erhard Co., L.P.A.,* and *Mark W. Stubbins,* for appellant.

HOFFMAN, Presiding Judge.

Defendant-appellant Jack L. Kinder, Jr. appeals the July 11, 2000, and the July 21, 2000 judgment entries of the Muskingum County Court of Common Pleas, which found him guilty and sentenced him accordingly. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

On May 16, 1999, appellant was operating a 1987 Dodge Ram pickup truck eastbound on State Rt. 40 in Muskingum County, Ohio. Appellant drove his vehicle left of center, striking head-on a westbound vehicle driven by Kevin K. Wiltsie. As a result of this collision, another westbound vehicle, driven by Jeston Pepper, was forced to evade appellant's truck, which had come to rest in the middle of the highway. Pepper's vehicle struck Wiltsie's vehicle. Wiltsie died as a direct result of these collisions. Appellant's toxicology screen revealed a blood-alcohol concentration of .180, in excess of the legal limit.

On November 3, 1999, the Muskingum County Grand Jury indicted appellant for aggravated vehicular homicide, in violation of R.C. 2903.06; aggravated vehicular assault, in violation of R.C. 2903.08; operating a motor vehicle while intoxicated, in violation of R.C. 4511.19(A)(1) and (A)(2); driving left of center, in violation of R.C. 4511.25(C); and reckless operation, in violation of R.C. 4511.20. At his November 10, 1999 arraignment, appellant plead not guilty to each charge.

On March 27, 2000, appellant appeared before the trial court, withdrew his previously entered pleas of not guilty and entered pleas of guilty to aggravated vehicular assault with a specification of operating a motor vehicle while under the influence, operating a motor vehicle while under the influence, driving left of

center, and reckless operation. In a April 3, 2000 judgment entry, the trial court dismissed the remaining counts of the indictment.

On June 19, 2000, the trial court conducted a sentencing hearing. After hearing the arguments of counsel and reviewing the victim impact statements, the trial court stated:

" * * * Mr. Kinder, on count number two, which is a felony of the fourth degree, the Court finds that the criteria has been met for the maximum 18 month term, and, therefore, the Court will impose the 18 month term in the appropriate state prison facility. It will also impose a $1,000 fine with a 99 year lifetime—99 year license suspension."

The trial court did not reduce its statements at the close of the sentencing hearing to a judgment entry.

On June 26, 2000, the trial court held an additional sentencing hearing because it had neglected to sentence appellant on the misdemeanor charges. After hearing arguments of counsel, the trial court stated on the record:

"All right. What we have to do, the left of center is a minor misdemeanor and will carry a $100 fine. The reckless operation, a minor misdemeanor, will carry a $100 fine. The operating a motor vehicle under the influence, second offense, I believe, will carry a term of six months and a $1,000 fine. The six months to run concurrent, however, with the time that you've already been sentenced on the OMVI. There will be a five-year license suspension."

Again, the trial court did not reduce the sentence to a judgment entry. On June 29, 2000, appellee filed a motion to reconsider a portion of appellant's sentence. The state asked the trial court to amend the ninety-nine-year suspension of appellant's driving privileges to a permanent revocation.

On July 5, 2000, appellant filed a motion to reconsider his sentence. Appellant maintained R.C. 2903.08, the statute governing aggravated vehicular assault, had been amended, effective March 23, 2000, before appellant's plea and sentencing. Accordingly, appellant maintained his sentence should be governed by the new statute.

On July 11, 2000, the trial court filed an "Amended Journal Entry." This entry stated, "after careful review and consideration, the court finds that the ninety-nine (99) year driving suspension language has been amended to read 'lifetime' suspension of driving privileges, thereby revoking the defendant's driver's license for life."

On July 21, 2000, the trial court filed a "Nunc Pro Tunc Entry." This was the first judgment entry in which the trial court found appellant guilty of the charges and sentenced appellant. The entry found appellant had been convicted of

aggravated vehicular assault with an OMVI specification and sentenced appellant to a term of eighteen months, fined him $1,000, and suspended his driver's license for a period of ninety-nine years. The trial court further sentenced appellant to six months of local confinement, a $1,000 fine, and a five-year driver's license suspension for the OMVI charge, a fine of $100 for driving left of center, and a fine of $100 for reckless operation.

Appellant appeals the trial court's July 11, 2000 amended journal entry, and the July 21, 2000 *nunc pro tunc* entry, assigning the following as error:

"I. The trial court erred as a matter of law by imposing a driving license suspension in excess of five (5) years as a result of the application of O.R.C. 1.58 and the amendment to the penalties for aggravated vehicular assault, O.R.C. 2903.08.

"II. The trial court erred in imposing the maximum sentence on appellant Since it failed to make the requisite statutory findings (1) pursuant to O.R.C. 2929.14(B) that a deviation from the minimum sentence was merited and (2) pursuant to 2929.14(C) that the maximum sentence should have been imposed."

### R.C. 2903.08

The General Assembly modified R.C. 2903.08, aggravated vehicular assault, effective March 23, 2000. As noted above, appellant entered his guilty plea on March 27, 2000. The question before this court is which statute should apply to properly sentence appellant.

R.C. 1.58(B) states:

"If the penalty, or forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

Accordingly, we will apply the sentencing provisions of the newly amended statute. We note, however, that the newly amended statute and the previous statute, while similar, are markedly dissimilar in organization. Under previous R.C. 2903.08, appellant was subject to fourth degree felony sanctions for recklessly causing serious physical harm to another person. Further, if the trial court found appellant was under the influence of alcohol at the time of the offense, the trial court was required to permanently revoke appellant's driver's license. The previous version of R.C. 2903.08 also required the trial court to sentence appellant to a "mandatory prison term" if the trial court found appellant committed the offense while driving a vehicle under the influence of alcohol.

The amended version of R.C. 2903.08 prohibits a person, while operating a motor vehicle, to cause serious physical harm to another person in one of two ways. R.C. 2903.08(A)(1) makes it a crime for a person to cause such harm as

the proximate result of driving under the influence of alcohol. R.C. 2903.08(A)(2) prohibits such serious physical harm to another person if the harm was caused recklessly. The sentencing scheme set forth under the amended version of R.C. 2903.08 presupposes a conviction under either the (A)(1) or the (A)(2) provision.

■ In its July 21, 2000 judgment entry, the trial court found appellant had been convicted of "aggravated vehicular assault with an OMVI specification, a felony of the fourth degree." While it may be factually more appropriate to sentence appellant under the amended (A)(1) section of R.C. 2903.08, the penalty provisions set forth in the new statute are more stringent than those set forth in the previous version.

■ Section 10, Article I of the United States Constitution forbids state legislators from passing any "ex post facto [l]aw." "[T]he Clause is aimed at laws that 'retroactively * * * increase the punishment for criminal acts.'" *California Dept. of Corrections v. Morales* (1995) 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588, 594. Legislation, therefore, will violate the *Ex Post Facto Clause* if it increases the punishment for a crime after its commission. *State v. Rush* (1998), 83 Ohio St.3d 53, 59, 697 N.E.2d 634, 638–639.

Because of the significant organizational differences in the previous and current versions of R.C. 2903.08, we find appellant must be subject to the sentencing provisions set forth for a conviction under division (A)(2).

In his two assignments of error, appellant attacks two sentencing provisions. First, appellant maintains the trial court erred in imposing a 99–year license suspension. Further, appellant contends the trial court erred in failing to make the requisite findings to impose the maximum prison term for a felony of the fourth degree. We address each in turn.

## I. Driver's License Suspension

R.C. 2903.08(B), as amended, provides:

"(2) Whoever violates division (A)(2) of this section is guilty of vehicular assault. Except as otherwise provided in this division, vehicular assault is a felony of the fourth degree. * * *

"In addition to any other sanctions imposed, the court shall suspend the offender's driver's license, * * * for a definite period of one to five years pursuant to section 4507.16 of the Revised Code or, if the offender previously has been convicted of or pleaded guilty to a violation of this section or any traffic-related homicide, manslaughter, or assault offense, for a definite period of two to ten years pursuant to that section."

Accordingly, the trial court was required to suspend appellant's driver's license for either a definite period of one to five years or a definite period of two·to ten years. In its July 21, 2000 judgment entry, the trial court, using the previous statute, revoked appellant's driver's license for a period of ninety-nine years. Because we find the trial court should have sentenced appellant according to the amended statute, appellant's first assignment of error is sustained.

We remand this matter to the trial court for further findings. The trial court must determine which of the two potential driver's license suspensions is appropriate, based upon the facts and circumstances of this case. We further instruct the trial court, after such determination, to resentence appellant, imposing the appropriate driver's license suspension.

## II. Prison Term

In appellant's second assignment of error, he maintains that the trial court erred in imposing the maximum sentence for a fourth degree felony under previous R.C. 2903.08 because it failed to make the requisite statutory findings pursuant to R.C. 2929.14 to impose a maximum sentence. Appellant also maintains that the trial court failed to make the requisite findings before deviating from the minimum sentence. We agree.

The revised version of R.C. 2903.08, provides the sentencing scheme for those offenders convicted under the (A)(2) provision. This statute states:

"(C) * * * The court shall impose a mandatory prison term on an offender who is convicted of or pleads guilty to a violation of division (A)(2) of this section if either of the following applies:

"(1) The offender previously has been convicted of or pleaded guilty to a violation of this section or section 2903.06 of the Revised Code.[1]

"(2) At the time of the offense, the offender was driving under suspension under Chapter 4507. or any other provision of the Revised Code."

In its July 21, 2000 entry, the trial court sentenced appellant to a term of eighteen months in prison. While this sentence may be an appropriate imposition of the maximum sentence for a felony of the fourth degree, the trial court failed to make the requisite findings required by R.C. 2929.14(B) and (C). See *State v. Butts* (Sept. 30, 1999), Licking App. No. 99CA0029, unreported, 1999 WL 976225; *State v. Brooks* (Oct. 5, 1998), Stark App. No. 98CA00041, unreported, 1998 WL 753215.

---

1. R.C. 2903.06 prohibits aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter.

Accordingly, we sustain appellant's second assignment of error and remand this matter to the trial court. The trial court is instructed to resentence appellant. Should the trial court find the offense requires an imposition of greater than the shortest prison term, or an imposition of the maximum prison term, we instruct the trial court to make the findings required by R.C. 2929.14(B) and/or (C).

The July 21, 2000 judgment entry of the Muskingum County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

FARMER and READER, JJ., concur.

W. DON READER, J., retired, of the Fifth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.