OPINION
Plaintiff-appellant, the State of Ohio ("appellant"), appeals from the sentence imposed upon defendant-appellee, Mike Kaplowitz ("Kaplowitz"), by the Lake County Court of Common Pleas.
On September 21, 1999, Kaplowitz injured both himself and a passenger in a single vehicle accident in Lake County. On April 7, 2000, the Grand Jury indicted Kaplowitz for one count of aggravated vehicular assault, with specifications that he was under the influence of alcohol, and for a prior conviction, in violation of R.C. 2903.08, a fourth degree felony. Kaplowitz also was indicted for one count of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and one count of driving with a prohibited concentration of alcohol. Both are first-degree misdemeanors.
On September 27, 2000, Kaplowitz entered into a written plea of guilty to aggravated vehicular assault and the specification that he was driving under the influence at the time of the commission of the offense. The remaining counts were nolled, including the second specification on Count One.
On December 27, 2000, Kaplowitz appeared before the trial court for sentencing. Appellant stated to the court that the sentencing penalty for the offense changed under Senate Bill 107, effective March 20, 2000. The trial court sentenced Kaplowitz to 90 days in jail and 2 years of community control sanctions. The trial court suspended Kaplowitz's driver's license for 5 years. Kaplowitz was to make restitution to the victim. The judgment entry of sentence was journalized on January 23, 2001.
On January 22, 2001, appellant filed a motion to vacate sentence. Appellant argued the trial court erred by not applying R.C. 2903.08 as written at the time of the commission of the offense. Appellant asked the trial court to re-sentence Kaplowitz under the version of the statute effective on September 21, 1999. The trial court declined to rule on the motion because appellant already had filed an appeal with this court.
In its sole assignment of error, appellant contends the trial court erred when it applied the current version of R.C. 2903.08 in sentencing Kaplowitz. Appellant contends Kaplowitz should be sentenced under R.C.2903.08 as it read at the time of the commission of the offense. Appellant argues R.C. 1.58(B), requiring the imposition of a penalty or punishment reduced before the imposition of sentence, does not apply because the current R.C. 2903.08 does not reduce the penalty for the offense at issue. For support, appellant maintains Kaplowitz was sentenced under R.C. 2903.08(A)(2), a fourth degree felony, which does not require the offender to be under the influence of alcohol or a drug. Kaplowitz entered a plea of guilty to aggravated vehicular assault with a specification that the offense was committed under the influence of alcohol. Appellant maintains the correct statutory provision is R.C.2903.08(A)(1), a third degree felony, in which the offender must be under the influence of alcohol or drugs.
R.C. 2903.08 was modified by the General Assembly, effective March 23, 2000. Under the former version of R.C. 2903.08, effective at the time of the commission of the offense, Kaplowitz would have been sentenced for committing a fourth degree felony and would have been subject to permanent revocation of his driver's license. Kaplowitz would have been sentenced to a mandatory prison term and would not have been eligible for community control sanctions.
Both parties rely upon State v. Kinder (2000), 140 Ohio App.3d 235, in support of their opposing stances of which version of R.C. 2903.08 is applicable. In Kinder, the defendant also pled guilty to aggravated vehicular assault, with an operating a motor vehicle while under the influence specification. The Fifth District Court of Appeals considered the issue of which version of the statute was applicable, as the defendant was sentenced following the effective date of the modification of R.C. 2903.08. The court, relying on R.C. 1.58(B), determined the current R.C. 2903.08 was the controlling statute and that the defendant in that case should be sentenced under current R.C. 2903.08(A)(2).
In State v. Thatcher, 10th Dist. No. 01AP-569, 2001-Ohio-8869, 2001 Ohio App. LEXIS 5913, the Tenth District Court of Appeals held that the trial court could not permanently revoke the defendant's driver's license because sentencing took place after the amendment of the statute. R.C. 1.58
requires that the defendant receive the benefit of the reduced penalty.
In the instant action, Kaplowitz pled guilty to a charge of aggravated vehicular assault, with the understanding it was a fourth degree felony. The driving under the influence of alcohol charge in violation of R.C.4511.19 was nollied. The trial court sentenced Kaplowitz for a fourth degree felony under the current version of R.C. 2903.08, essentially applying R.C. 2903.08(A)(2).
Kaplowitz pled guilty to the charge of aggravated vehicular assault with a specification that he was driving under the influence. Under the statute in effect at the time of the offense, that particular offense was a fourth degree felony. In the subsequent version of the statute, effective on March 20, 2000, the legislature provided for two different offenses in the revised R.C. 2903.08. The first offense, codified as R.C. 2903.08(A)(1), now categorizes aggravated vehicular assault with an alcohol specification as a third degree felony. Section 2903.08(A)(2) of the revised code now provides for the offense of recklessly causing physical harm to another, a fourth degree felony.
The trial court could not properly apply the current version of aggravated vehicular assault with an alcohol specification [R.C.2903.08(A)(1)] because the seriousness of such offense had been increased to a third degree felony. The trial court could not properly sentence Kaplowitz under current R.C. 2903.08(A)(2) because that is a different, lesser offense reckless harm not aggravated vehicular assault with an alcohol specification. Therefore, the trial court erred by applying the current version of R.C. 2903.08 in sentencing Kaplowitz in this case.
We simply disagree with the Fifth Appellate District's decision inKinder, supra. In Kinder, the court mistakenly concluded that a defendant who pled guilty to aggravated vehicular assault, committed under the prior statute, should be subject to the fourth degree felony provisions in R.C. 2903.08(A)(2). Such a result would change the offense of aggravated vehicular assault to the lesser recklessly causing harm offense. R.C.1.58(B) does not require a change in the offense for which a defendant has been convicted. If the two versions of a statute do not match, a trial court should not alter the offense to try to reach a similar sentence. Rather, the prior statute governs for sentencing purposes. By sentencing Kaplowitz for vehicular assault, the trial court, in essence, changed both the indictment and the acceptance of the plea. Kaplowitz should have been sentenced for aggravated vehicular assault with an alcohol specification, not vehicular assault.
Under R.C. 2953.08, a reviewing court may vacate a sentence imposed by a trial court if it determines, clearly and convincingly, that the sentence is, inter alia, contrary to law. Because this court has determined the trial court erred by applying the current version of R.C.2903.08, the sentence imposed by the trial court is contrary to law and is vacated. Appellant's assignment of error is well-taken. The judgment entry of sentence by the Lake County Court of Common Pleas is reversed and the matter is remanded for re-sentencing. However, because Kaplowitz entered his guilty plea with the understanding that he would be sentenced under the current version of R.C. 2903.08 with appellant's agreement, the trial court should allow Kaplowitz the opportunity to withdraw his guilty plea. We note that double jeopardy would not bar Kaplowitz from either being tried on the aggravated vehicular assault charge or entering a plea anew on the charge.
JUDITH A. CHRISTLEY, J., concurs, ROBERT A. NADER, J., dissents with Dissenting Opinion.