THE STATE OF OHIO, APPELLEE, *v.* KAPLOWITZ, APPELLANT.

[Cite as *State v. Kaplowitz,* 100 Ohio St.3d 205, 2003-Ohio-5602.]

(No. 2002–1831—Submitted June 4, 2003—Decided November 5, 2003.)

LUNDBERG STRATTON, J.

{¶ 1} Today this court must answer the question certified for our review: "[W]hich version [of R.C. 2903.08] applies—the version in effect at the time of the offense or the current version, effective prior to the institution of sentencing by the trial court—when application of the newer statute would change the offense from the offense indicted and to which the defendant pled[?]"

{¶ 2} On September 21, 1999, Mike Kaplowitz, defendant-appellant, was involved in a motor vehicle accident where both he and his passenger were injured. In April 2000, a grand jury indicted Kaplowitz on one count of aggravated vehicular assault (a fourth-degree felony), in violation of R.C. 2903.08, with a specification that he was under the influence of alcohol and a specification of a prior conviction. Kaplowitz was also indicted on one count of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and one count of driving with a prohibited concentration of alcohol, in violation of R.C. 4511.19(A)(2).

{¶ 3} In September 2000, Kaplowitz pled guilty to aggravated vehicular assault and the specification that he was driving under the influence at the time of the offense. The remaining counts were nolled. The trial court sentenced Kaplowitz to 90 days in jail and two years of community control, suspended his driver's license for five years, and ordered him to pay restitution.

{¶ 4} After the offense, but before Kaplowitz was sentenced, the General Assembly amended R.C. 2903.08, effective March 23, 2000. Am.Sub.S.B. No. 107, 148 Ohio Laws, Part IV, 8701. In January 2001, the state moved to vacate Kaplowitz's sentence, which had been announced but not yet journalized, arguing that the trial court had erred by failing to apply R.C. 2903.08 as written at the time of the offense.[1] The state requested that the trial court resentence Kaplowitz under the version of the statute effective on September 21, 1999, the date of the crime. The following day, the trial court journalized the sentence without ruling on the motion. The court later explicitly declined to rule on the motion to vacate because the state had by then filed an appeal.

---

1. During oral argument, this court learned that after obtaining a special prosecutor to avoid a conflict or potential conflict, the Lake County Prosecuting Attorney's Office interjected itself into the case by asking the special prosecutor to move to vacate. Once a special prosecutor was assigned, the Lake County Prosecuting Attorney's Office should no longer have been involved in the case.

{¶ 5} The Lake County Court of Appeals reversed the judgment of the trial court, vacated the sentence, and remanded the cause to the trial court for resentencing. The appellate court noted that the trial court should allow Kaplowitz the opportunity to withdraw his guilty plea and that the Double Jeopardy Clause would not bar a trial on the aggravated vehicular assault charge. Therefore, the defendant could choose to enter a plea or seek a trial after which, if convicted, he would be sentenced under the former sentencing structure.

{¶ 6} This court stayed the judgment of the court of appeals pending this appeal and acknowledged the existence of a conflict with the decision of the Court of Appeals for Muskingum County in *State v. Kinder* (2000), 140 Ohio App.3d 235, 746 N.E.2d 1205, concerning R.C. 2903.08: "At issue is which version applies— the version in effect at the time of the offense or the current version, effective prior to the institution of sentencing by the trial court—when application of the newer statute would change the offense from the offense indicted and to which the defendant pled." *State v. Kaplowitz,* 97 Ohio St.3d 1480, 2002-Ohio-6866, 780 N.E.2d 285. This cause is now before this court upon our determination that a conflict exists.

{¶ 7} The General Assembly amended the aggravated vehicular assault statute, R.C. 2903.08, effective March 23, 2000. As noted above, Kaplowitz committed the offense before the amendment and was sentenced after the amendment. Today this court must decide whether the former or the amended version of the aggravated vehicular assault statute applies.

{¶ 8} R.C. 1.58(B) identifies which law to apply when a statute is amended after the commission of a crime but before sentence is imposed:

{¶ 9} "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 10} Thus, it is necessary to examine the two versions of the aggravated vehicular assault statute. At the time of the commission of the crime, R.C. 2903.08, provided:

{¶ 11} "(A) No person, while operating or participating in the operation of a motor vehicle * * * shall recklessly cause serious physical harm to another person or another's unborn.

{¶ 12} "(B) Whoever violates this section is guilty of aggravated vehicular assault, a felony of the fourth degree. * * *

{¶ 13} "If the jury or judge as a trier of fact finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, at the time of the commission of the offense, then the offender's driver's or commercial

driver's license or permit or nonresident operating privileges shall be permanently revoked pursuant to section 4507.16 of the Revised Code.

{¶ 14} "* * *

{¶ 15} "(C) * * * [I]f in the commission of the offense the offender was driving under suspension or operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the offender shall be sentenced to a mandatory prison term and is not eligible for a sentence to a community control sanction pursuant to section 2929.13 of the Revised Code, for judicial release pursuant to section 2929.20 of the Revised Code, or for a reduction of a stated prison term or a release pursuant to section 2967.193 of the Revised Code or any other provision of Chapter 2967 or Chapter 5120 of the Revised Code." Am.Sub. S.B. No. 269, 146 Ohio Laws, Part VI, 10856–10857.

{¶ 16} After the commission of the crime, but before Kaplowitz was sentenced, R.C. 2903.08 was amended, effective March 23, 2000. The amended version of the statute now provides:

{¶ 17} "(A) No person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person or another's unborn in either of the following ways:

{¶ 18} "(1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;

{¶ 19} "(2) Recklessly.

{¶ 20} "(B)(1) Whoever violates division (A)(1) of this section is guilty of aggravated vehicular assault. Except as otherwise provided in this division, aggravated vehicular assault is a felony of the third degree. * * *

{¶ 21} "In addition to any other sanctions imposed, the court shall suspend the offender's driver's license * * * for a definite period of two to ten years pursuant to section 4507.16 of the Revised Code * * *.

{¶ 22} "(2) Whoever violates division (A)(2) of this section is guilty of vehicular assault. Except as otherwise provided in this division, vehicular assault is a felony of the fourth degree. * * *

{¶ 23} "In addition to any other sanctions imposed, the court shall suspend the offender's driver's license * * * for a definite period of one to five years pursuant to section 4507.16 of the Revised Code * * *.

{¶ 24} "(C) The court shall impose a mandatory prison term on an offender who is convicted of or pleads guilty to a violation of division (A)(1) of this section."

{¶ 25} Thus, in the current version of R.C. 2903.08, the legislature provides for two different offenses: (A)(1) now categorizes aggravated vehicular assault

caused by drunk driving as a third-degree felony, and (A)(2) now categorizes vehicular assault by recklessly causing serious physical harm to another as a fourth-degree felony. The differences in the sentence that Kaplowitz would have received under the former statute versus the current statute are illustrated by the following table:

|  | Former R.C. 2903.08 | New R.C. 2903.08(A)(1) | New R.C. 2903.08(A)(2) |
|---|---|---|---|
| Crime | Agg. Vehicular Assault with a finding of driving under the influence | Agg. Vehicular Assault | Vehicular Assault |
| Degree | Fourth-degree felony | Third-degree felony | Fourth-degree felony |
| Mandatory prison? | Yes | Yes | No |
| Eligible for Community Control? | No | No | Yes |
| Driver's License | Permanent revocation | 2–10 years' suspension | 1–5 years' suspension |

{¶ 26} The trial court applied subsection (A)(2) of the amended version of the statute, i.e., vehicular assault by recklessly causing serious physical harm to another. The court of appeals correctly held that the trial court could not sentence Kaplowitz under that subsection, current R.C. 2903.08(A)(2), because that offense—vehicular assault by recklessly causing harm—is in effect a lesser offense than the one of which he was convicted—aggravated vehicular assault with an alcohol specification. On the other hand, the trial court could not properly apply current R.C. 2903.08(A)(1), because the penalty for the offense had been increased with its elevation to a third-degree felony, and imposing that penalty would violate ex post facto principles.

{¶ 27} In *State v. Kinder,* 140 Ohio App.3d 235, 746 N.E.2d 1205, the conflict case, Kinder was involved in a vehicular accident in 1999 and indicted on aggravated vehicular assault and other charges. On March 27, 2000, four days after the effective date of the R.C. 2903.08 amendments, Kinder pled guilty to aggravated vehicular assault with a specification of operating a motor vehicle while under the influence of alcohol or a drug of abuse. Kinder was sentenced under the former version of R.C. 2903.08 to the maximum of 18 months on the aggravated vehicular assault and given a 99–year license suspension. Later, Kinder moved to reconsider his sentence, alleging that R.C. 2903.08 had been amended and that his sentence should be governed by the new statute.

{¶ 28} The Court of Appeals for Muskingum County applied the sentencing provisions of the newly amended statute. While the court found that it might have been factually more appropriate to sentence Kinder under the amended (A)(1) subsection because of its element of drunk driving, the court held that the

penalties set forth for that subsection were more stringent than those set forth in the previous version. Thus, because of the significant organizational differences in the previous and current versions of R.C. 2903.08, the *Kinder* court found that Kinder must be subject to the sentencing provisions set forth for a conviction under (A)(2) of the newly amended R.C. 2903.08, the recklessness subsection of the statute, a third-degree felony. 140 Ohio App.3d at 240, 746 N.E.2d 1205.

{¶ 29} We conclude that the *Kinder* court's application of amended R.C. 2903.08(A)(2) was in error because it changed the offense of aggravated vehicular assault with an alcohol specification to the lesser offense of recklessly causing harm, i.e., vehicular assault. R.C. 2903.08(A)(2) does not refer to use of alcohol and/or a drug of abuse. The fact that Kinder was under the influence of alcohol at the time of the commission of the aggravated vehicular assault was central to the crime and specification of which he pled guilty. Thus, sentencing Kinder under the (A)(2) subsection of the newly amended statute ignores the specification to the offense to which Kinder pled. Because Kinder should have been sentenced under former R.C. 2903.08 as it existed at the time of the commission of his offense, we disapprove of *State v. Kinder* (2000), 140 Ohio App.3d 235, 746 N.E.2d 1205.

{¶ 30} There are two components of punishment in R.C. 2903.08: incarceration and license suspension. When R.C. 1.58(B) is applied in this context, as discussed above, Kaplowitz should have been sentenced under the incarceration component that existed under the former version of R.C. 2903.08, but he should have received the benefit of the reduced driver's license suspension (from a permanent revocation to a finite period of suspension). Although the trial court mistakenly applied the suspension for vehicular assault under current R.C. 2903.08(B)(2) instead of the suspension applicable to *aggravated* vehicular assault under current R.C. 2903.08(B)(1), the five-year suspension of Kaplowitz's driver's license still fell within the appropriate range of two to ten years. However, since five years was the maximum under (B)(2), we do not know whether the trial court would have imposed a longer suspension if it had known that it could.

{¶ 31} Accordingly, we hold that R.C. 1.58(B) does not apply to give a criminal defendant the benefit of a reduced sentence if, by applying it, the court alters the nature of the offense, including specifications to which the defendant pled guilty or of which he was found guilty. *State v. Kinder* (2000), 140 Ohio App.3d 235, 746 N.E.2d 1205, disapproved.

{¶ 32} We therefore affirm the judgment of the court of appeals and remand the cause to the trial court for resentencing consistent with this opinion. Specifically, we agree with the court of appeals that since the defendant did not know all of the ramifications of his plea prior to this court's clarification, the defendant should therefore have the option to withdraw his plea and plead anew,

withdraw his plea and proceed to trial, or be resentenced consistent with this opinion.

Judgment affirmed
and cause remanded.

MOYER, C.J., RESNICK, O'CONNOR and O'DONNELL, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent, would reverse the judgment of the court of appeals, and would reinstate the judgment of the trial court.

———————————

Charles E. Coulson, Lake County Prosecuting Attorney, and Brian L. Summers, Assistant Prosecuting Attorney, for appellee.

Rosplock & Perez and Richard J. Perez, for appellant.