[Cite as *State v. Jones*, 2012-Ohio-2900.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 2011CA00284 |
| CLARENCE JONES | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2011-CR-1383 |
| JUDGMENT: | Reversed and remanded |
| DATE OF JUDGMENT ENTRY: | June 25, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

STEVEN A. REISCH
Stark County Public Defender Office
200 West Tuscarawas St., Suite 200
Canton, Ohio 44702

*Hoffman, J.*

{¶1}    Defendant-appellant Clarence Jones appeals his sentence entered by the Stark County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}    On October 25, 2011, Appellant was indicted on one count of escape, in violation of R.C. 2921.34(A)(1), a second degree felony and one count of possession of cocaine, in violation of R.C. 2925.11(A).[2]  Appellant pleaded guilty to the charges and the trial court sentenced Appellant to a total prison term of three years via Judgment Entry filed November 21, 2011.

{¶3}    On December 6, 2011, Appellant filed a motion to modify his sentence based upon the amended penalties in H.B. 86.  The State filed a written response to the motion.  Via Judgment Entry of December 14, 2011, the trial court denied Appellant's motion to modify his sentence.

{¶4}    Appellant now appeals, assigning as error:

{¶5}    "I. IT WAS AN ERROR OF LAW NOT TO APPLY §R.C. 2921.34 AS AMENDED EFFECTIVE SEPTEMBER 30, 2011, THEREBY SENTENCING THE APPELLANT TO A FOURTH DEGREE FELONY."

{¶6}    R.C. 1.58(B) reads, in pertinent part:

{¶7}    "(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.
[2] Appellant does not challenge his conviction or sentence for possession of cocaine in the within appeal.

already imposed, shall be imposed according to the statute as amended (emphasis added).

{¶8} H.B. 86 became effective September 30, 2011, sixteen days after Appellant committed the alleged offense, but prior to sentencing. The enacted legislation reads at Section 4:

{¶9} "The amendments to sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909.05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913. 31, 2913.32, 2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917. 21, 2917.31, 2917.32, 2921.13, 2921.41, 2923.31, and 2981.07, division (B) of section 2929.13, and division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

{¶10} "The provisions of sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909.05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913. 32, 2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917.21, 2917. 31, 2917.32, 2921.13, 2921.41, 2923.31, and 2981.07 of the Revised Code in existence prior to the effective date of this section shall apply to a person upon whom a court imposed sentence prior to the effective date of this section for an offense specified or penalized under those sections. The amendments to sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909. 05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913.32,

2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917.21, 2917.31, 2917. 32, 2921.13, 2921.41, 2923.31, and 2981.07 of the Revised Code that are made in this act do not apply to a person who upon whom a court imposed sentence prior to the effective date of this section for an offense specified or penalized under those sections."

{¶11} R.C. 2921.34, the statute defining escape, for which Appellant was convicted, is not listed within the parameters of H.B. 86. The state properly notes legislation is presumed to be prospective in operation unless expressly made retroactive. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163. The state argues because escape is not included within the list of statutory amendments in HB 86 Section 4, it is not entitled to the benefit of the reduced penalty provided therein as the amended statute is presumed to be prospective in its application.

{¶12} We disagree. Although section 4 specifically sets forth an extensive list of statutes specifically applying either R.C. 1.58 or specifically making H.B. 86 retroactive with regard to the named sections, we find the absence of the escape statute from the Section 4 list does not otherwise limit the applicability of R.C. 1.58.

{¶13} The State further asserts R.C. 1.58 does not apply to give Appellant the benefit of the reduced sentence. The State relies upon the Ohio Supreme Court holding in *State v. Kaplowitz*, 100 Ohio St.3d 205, 2003-Ohio-5602, as support. In *Kaplowitz*, the Court held:

{¶14} "Accordingly, we hold that R.C. 1.58(B) does not apply to give a criminal defendant the benefit of a reduced sentence if, by applying it, the court alters the nature of the offense, including specifications to which the defendant pled guilty or of which he

was found guilty. *State v. Kinder* (2000), 140 Ohio App.3d 235, 746 N.E.2d 1205, disapproved."

{¶15} Here, Appellant was charged with and convicted of violating R.C. 2921.34(A)(1). The statute, as amended, reads:

{¶16} "(A)(1) No person, knowing the person is under detention, other than supervised release detention, or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."

{¶17} The Amendment Notes to the statute following the enactment of HB 86 read,

{¶18} "2011 H 86 inserted ', other than supervised release detention,' in division (A)(1); added divisions (A)(3), (C)(3), and (D); inserted "the offender violates division (A)(1) or (2) of this section, if' in division (C)(1); in division (C)(2), inserted "the offender violates division (A)(1) or (2) of this section and if either" and deleted 'if' before 'the offender is a person whom'; and made other nonsubstantive changes."

{¶19} Upon review of the case law and the amendments set forth above, we find HB 86 does not substantively alter the nature of the offense to which Appellant was convicted; therefore, *Kaplowitz* is distinguishable. We find R.C. 1.58 applies to the sentence rendered.

{¶20} Appellant's sole assignment of error is sustained.

{¶21} The judgment of the Stark County Court of Common Pleas is reversed, and the matter remanded to the trial court for resentencing in accordance with the law and this Opinion.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
      Plaintiff-Appellee               :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
CLARENCE JONES                         :
                                       :
      Defendant-Appellant              :          Case No. 2011CA00284


      For the reasons stated in our accompanying Opinion, The judgment of the Stark

County Court of Common Pleas is reversed, and the matter remanded to the trial court

for further proceedings in accordance with the law and this opinion. Costs to the state.


                              s/ William B. Hoffman_____
                              HON. WILLIAM B. HOFFMAN


                              s/ Patricia A. Delaney _____
                              HON. PATRICIA A. DELANEY


                              s/ Sheila G. Farmer_____
                              HON. SHEILA G. FARMER