[Cite as *State v. Allen*, 2014-Ohio-1806.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                 :                    No. 13AP-460
                                           (C.P.C. No. 08CR-02-1420)
v.                                                     :                    No. 13AP-462
                                           (C.P.C. No.  07CR-06-4295)
Daville D. Allen,                                      :

        Defendant-Appellant.               :                   (REGULAR CALENDAR)

                                      :

---

D E C I S I O N

Rendered on April 29, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Todd W. Barstow & Associates*, and *Todd W. Barstow*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas.

McCORMAC, J.

{¶ 1} Defendant-appellant, Daville D. Allen, appeals from the May 29, 2013 judgment of the Franklin County Court of Common Pleas resentencing defendant. For the reasons that follow, we reverse and remand the judgment of the trial court.

## I.  Facts and Procedural History

{¶ 2} On December 7, 2009, defendant entered guilty pleas in case Nos. 07CR-4295 and 08CR-1420 for possession of cocaine in the form of crack cocaine with a major drug offender specification, in violation of former R.C. 2925.11, a felony of the first degree, and possession of cocaine in the form of crack cocaine without specification, in violation of former R.C. 2925.11, a felony of the second degree. On June 23, 2011, the trial court sentenced defendant as follows: in case No. 07CR-4295, a mandatory prison term of ten years and another mandatory prison term of ten years to run consecutively for the major

drug offender specification, resulting in a total prison term of 20 years, and a mandatory fine of $10,000; in case No. 08CR-1420, a mandatory prison term of five years to run consecutively with case No. 07CR-4295, and a mandatory fine of $7,500. On June 30, 2011, the trial court filed judgment entries reflecting defendant's sentences.

{¶ 3} On July 20, 2011, the trial court filed two entries ordering, pursuant to the June 23, 2011 sentencing entries, the payment of defendant's mandatory fines. In satisfaction of those fines, the court ordered the Whitehall Division of Police to forward money held in defendant's name in the amount of $17,500 to the Franklin County Clerk of Courts, to be disbursed in equal amounts to the Law Enforcement Trust Fund of the Franklin County Prosecuting Attorney and the Whitehall Division of Police. On July 29, 2011, defendant appealed the June 30, 2011 judgment entries.

{¶ 4} Upon appeal, this court reversed in part the trial court's June 30, 2011 judgment. *See State v. Allen*, 10th Dist. No. 11AP-640, 2012-Ohio-2986 ("*Allen I*"). In that case, we found that, although the imposition of consecutive sentences was authorized by law, the trial court erred because it believed that consecutive sentences were required. *Id.* at ¶ 33. Accordingly, we vacated defendant's sentences and remanded for resentencing.

{¶ 5} On September 14, 2012, defendant filed an application for reopening, pursuant to App.R. 26(B)(5), claiming ineffective assistance of counsel on appeal. In part, defendant claimed his counsel was ineffective for failing to raise the issue of his entitlement to return of property in the amount of $28,000, which defendant alleged was wrongfully seized and applied to payment of his mandatory fines. On December 4, 2012, this court denied defendant's application to reopen because he failed to present a genuine issue as to whether he was deprived of effective assistance of appellate counsel. *State v. Allen*, 10th Dist. No. 11AP-640, ¶ 9 (Dec. 4, 2012) (memorandum decision) ("*Allen II*"). In so finding, we declined to consider defendant's arguments regarding the seizure of funds to pay his mandatory fines since, in *Allen I*, we "vacated [defendant's] sentences and remanded the case to the trial court for resentencing." *Id.* at ¶ 8.

{¶ 6} Upon remand, the trial court conducted a resentencing hearing and imposed the following sentences on defendant in its May 3 and 29, 2013 judgment entries: in case No. 07CR-4295, a mandatory prison term of ten years to run consecutively with another ten-year prison term for the major drug offender specification, resulting in a

total prison term of 20 years and a mandatory fine of $10,000; in case No. 08CR-1420, a mandatory prison term of five years to run concurrent with the sentence in case No. 07CR-4295 and a mandatory fine in the amount of $7,500.

## II. Assignments of Error

{¶ 7} Defendant timely appeals, assigning the following two errors:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW BY IMPOSING A PRISON SENTENCE FOR POSSESSION OF CRACK COCAINE THAT WAS CONTRARY TO LAW.
>
> II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IT ORDERING THE WHITEHALL POLICE DEPARTMENT TO RELEASE SEIZED FUNDS TO PAY APPELLANT'S MANDATORY FINES.

## III. First Assignment of Error—Sentencing

{¶ 8} Defendant's first assignment of error contends that his sentence is contrary to law since the trial court failed to sentence defendant in accordance with R.C. 2925.11 and 2929.14, as amended by 2011 Am.Sub.H.B. No. 86 ("H.B. No. 86"), although defendant's resentencing occurred after the effective date of H.B. No. 86. Because construction of a statute is a question of law, our review is de novo. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8.

{¶ 9} H.B. No. 86 eliminated the distinction between the criminal penalties imposed for drug offenses involving crack cocaine and powdered cocaine, notably removing the term "crack cocaine" from the statutory scheme. *See State v. Limoli*, 10th Dist. No. 11AP-924, 2012-Ohio-4502, ¶ 51. Prior to the effective date of H.B. No. 86, a defendant convicted of possessing an amount of crack cocaine exceeding 100 grams was guilty of a felony of the first degree, classified as a major drug offender, and subject to a mandatory prison term with the possibility of an additional mandatory prison term for the major drug offender classification. *See* former R.C. 2925.11(C)(4)(f). H.B. No. 86 amended R.C. 2925.11(C)(4) to provide:

> If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

\* \* \*

(f) If the amount of the drug involved equals or exceeds one hundred grams of cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

Accordingly, after H.B. No. 86 amended R.C. 2925.11(C)(4), a convicted defendant was no longer subject to an additional mandatory prison term prescribed for the major drug offender classification.

{¶ 10} Section 3 of H.B. No. 86 provided that the amendments to R.C. 2925.11 applied "to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." Thus, to determine if R.C. 1.58(B) applies, a court must consider whether (1) the penalty, forfeiture, or punishment has already been imposed, (2) the offense of which the defendant was convicted was the same offense both before and after the adoption of the amendments, and (3) the penalty, forfeiture, or punishment for the offense was reduced by the amendments. *See id.* at ¶ 58.

{¶ 11} In *Limoli*, this court considered whether the reforms of H.B. No. 86 applied to a defendant who committed a crack cocaine offense in violation of R.C. 2925.11 before the effective date of H.B. No. 86 and was sentenced after the effective date. *Id.* at ¶ 55. We found that, because H.B. No. 86 "accomplished only a change in the penalty" for the offense, R.C. 1.58(B) applied to the defendant and the defendant therefore should have been sentenced according to the statute as amended by H.B. No. 86. *Id.* at ¶ 62.

{¶ 12} Here, as in *Limoli*, the trial court found that defendant was guilty of violating R.C. 2925.11 by possessing cocaine in the form of crack cocaine. Following this court's reversal of defendant's original sentence, the trial court, after the effective date of H.B. No. 86, sentenced defendant in accordance with the former version of R.C. 2929.14 by sentencing him to a mandatory term of ten years incarceration to run consecutively with another term of ten years for the major drug offender specification.

{¶ 13} First, we consider whether defendant's penalty, forfeiture or punishment was imposed before the effective date of H.B. No. 86. Although defendant was originally sentenced on June 23, 2011, before the effective date of H.B. No. 86, in *Allen I*, we vacated defendant's June 23, 2011 sentences and remanded to the trial court for resentencing. *Allen I* at ¶ 33. Because defendant's sentences were vacated in *Allen I*, no penalty for the offenses at issue had been imposed. *See State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 37 (finding that "any case that is remanded for 'resentencing' anticipates a sentencing hearing de novo"); *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15.

{¶ 14} Next, we must consider whether the offense of which the defendant was convicted was the same offense both before and after the adoption of the amendments. We have previously held that H.B. No. 86 did not alter the nature of the offense of "possession of cocaine" by removing the distinctions between crack cocaine and powdered cocaine. *Limoli* at ¶ 62. *See also State v. Gatewood*, 2d Dist. No. 2012-CA-12, 2012-Ohio-4181, ¶ 15. The state, however, contends that, because H.B. No. 86 altered the major drug offender specification, H.B. No. 86 should not be applied to defendant pursuant to the holding in *State v. Kaplowitz*, 100 Ohio St.3d 205, 2003-Ohio-5602. In that case, the Supreme Court of Ohio held that "R.C. 1.58(B) does not apply to give a criminal defendant the benefit of a reduced sentence if, by applying it, the court alters the nature of the offense, including specifications to which the defendant pled guilty or of which he was found guilty." *Id.* at syllabus.

{¶ 15} The Supreme Court, in *Kaplowitz*, disapproved of a conflicting case, *State v. Kinder*, 140 Ohio App.3d 235 (5th Dist.2000), in which the lower court applied an amended version of the vehicular assault statute to a defendant who pled guilty under the former version of the statute to aggravated vehicular assault with a specification of operating a motor vehicle while under the influence of alcohol or a drug of abuse. *Kaplowitz* at ¶ 27. Because the penalties for aggravated vehicular assault under the amended statute were more stringent, the *Kinder* court instead found that the defendant should be subject to the recklessness subsection of the amended vehicular assault statute. *Kaplowitz* at ¶ 27-28. However, the Supreme Court found the *Kinder* decision to be in error because the recklessness subsection of the amended vehicular assault statute did not contain a specification or reference to use of alcohol or drug of abuse whereas "[t]he fact

that Kinder was under the influence of alcohol at the time of the commission of the aggravated vehicular assault was central to the crime and specification of which he pled guilty." *Kaplowitz* at ¶ 29.

{¶ 16} Here, unlike in *Kinder*, the amendments in H.B. No. 86 did not eliminate the major drug offender classification, but, rather, removed only the discretionary additional penalty for the classification. This distinction is apparent upon review of the text of H.B. No. 86. The alterations to existing statutory text wrought by H.B. No. 86 were indicated under lineation of proposed new statutory text and strikethroughs of proposed deletions, as follows:

> Sec. 2925.11. (A) No person shall knowingly obtain, possess, or use a controlled substance.
>
> * * *
>
> (C) Whoever violates division (A) of this section is guilty of one of the following:
>
> * * *
>
> (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is *guilty of possession of cocaine. The penalty* for the offense shall be determined as follows:
>
> * * *
>
> (f) If the amount of the drug involved equals or exceeds one ~~thousand~~ hundred grams of cocaine ~~that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine~~, possession of cocaine is a felony of the first degree, the offender is a *major drug offender*, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree ~~and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code~~.

(Emphasis added; Emphasis sic.)

R.C. 2929.14, as amended by H.B. No. 86, provides in pertinent part:

> Sec. 2929.14(B)(3)~~(a)~~ [I]f the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender * * * the court shall impose upon the offender for the felony violation a ten year prison term that, <u>subject to divisions (C) to (I) of section 2967.19 of the Revised Code,</u> cannot be reduced pursuant to section 2929.20<u>, section 2967.19,</u> or <u>any other provision of</u> Chapter 2967. or 5120. of the Revised Code.
>
> ~~(b) The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section and, if applicable, divisions (D)(1) and (2) of this section, makes both of the findings set forth in divisions (D)(2)(a)(iv) and (v) of this section.~~

(Emphasis sic.)

{¶ 17} The alterations to R.C. 2925.11 created by H.B. No. 86 are relevant to the case at hand in two ways. First, as noted in *Limoli*, "all of the relevant H.B. 86 amendments to R.C. 2925.11 follow the phrase in R.C. 2925.11(C)(4) providing that '[t]he *penalty* for the offense shall be determined as follows: * * *.' " (Emphasis sic.) *Id.* at ¶ 61 ("[T]he text [of H.B. No. 86] illustrates that, both before and after the enactment of H.B. 86, R.C. 2925.11(C)(4) provided that a person who violated R.C. 2925.11(A) by possessing cocaine (without distinguishing between the powdered or solid form of cocaine) was 'guilty of possession of cocaine.' "). *Id.* Second, H.B. No. 86 did not remove the specification of major drug offender or alter the level of the felony to which defendant pled, but, rather, only eliminated the imposition of an additional mandatory prison term. *See* former R.C. 2929.14(B)(3)(b). Regardless of whether the specification as a major drug offender was "central to the crime and specification of which [defendant] pled guilty," the holding of *Kaplowitz* is inapplicable here since the statute as amended preserved the major drug offender specification. *Id.* at ¶ 29. Thus, we find the offense of which the defendant was convicted to be the same offense both before and after the adoption of the amendments.

{¶ 18} Finally, we consider whether H.B. No. 86 reduced the penalty, forfeiture or punishment for the offense of which defendant was convicted. Prior to the adoption of H.B. No. 86, a defendant convicted of possession of cocaine in an amount equal to or exceeding 100 grams of crack cocaine was labeled a "major drug offender" and subject to the "maximum prison term prescribed for a felony of the first degree" as a mandatory prison term. *See* former R.C. 2925.11(C)(4)(f). Former R.C. 2929.14(A)(1) prescribed that the maximum prison term for a first-degree felony was ten years. The penalty for the offense also provided the trial court with discretion to apply an additional mandatory prison term as prescribed for a major drug offender ranging from one to ten years. *See* former R.C. 2925.11(C)(4)(f) and 2929.14(D)(3)(b). Thus, as is the case here, a defendant under the former statutes could be subject to a total of 20 years imprisonment for the first degree felony offense of possession of cocaine.

{¶ 19} Following the adoption of H.B. No. 86, a trial court no longer had the discretion to apply an additional one- to ten-year mandatory prison term for the major drug offender classification. However, the maximum prison term for a felony of the first degree was increased to 11 years. R.C. 2929.14(A)(1). Under both versions of the statute, the prison term is not subject to reduction. *Compare* R.C. 2929.14(B)(3) with former 2929.14(B)(3)(a).[1] Thus, under R.C. 2925.11 and 2929.14 as amended by H.B. No. 86, defendant would be subject to a reduced penalty of 11 years instead of 20 years imprisonment.

{¶ 20} Because H.B. No. 86 did not alter the nature of the offense of "possession of cocaine," but, instead, "accomplished only a change in penalty for that offense," R.C. 1.58(B) applies to defendant. *Limoli* at ¶ 62. Therefore, the trial court was required to impose the penalty for the offense as amended by H.B. No. 86. *Id.*; *State v. Sullivan*, 10th Dist. No. 11AP-414, 2012-Ohio-2737, ¶ 23, citing *State v. Banks,* 10th Dist. No. 11AP-1134, 2012-Ohio-2328, ¶ 8.

{¶ 21} Accordingly, we sustain defendant's first assignment of error.

---

[1] Although not argued before this court, we note that, at the time defendant was resentenced, the current version of R.C. 2929.14(B)(3) as further amended by 2012 Am.Sub.S.B. No. 337 ("S.B. No. 337"), was in effect. However, the alterations to R.C. 2929.14(B)(3) by S.B. No. 337 do not change the outcome of the present case since the maximum prison term for a felony of the first degree is 11 years under both versions of the statute as amended by H.B. No. 86 and S.B. No. 337. *See* 2012 Am.Sub.S.B. No. 337, Legislative Service Commission Final Analysis at 86.

## IV. Second Assignment of Error—Seizure of Funds

{¶ 22} Defendant's second assignment of error asserts the trial court erred by ordering the Whitehall Division of Police to release funds seized from defendant to pay mandatory fines pursuant to its June 30, 2011 judgment entries. Defendant contends that the trial court either wrongfully forfeited the funds without due process or improperly applied the seized funds to his fines after finding defendant was not indigent.

{¶ 23} The state responds that defendant's assignment of error is not properly before this court since defendant did not appeal from the July 20, 2011 entries disposing of the seized funds in either the prior or present appeal. Additionally, the state contends that any error in the disposition of the funds is harmless since defendant is not indigent and the trial court could properly apply the seized funds to his outstanding obligation.

{¶ 24} "Forfeitures and penalties are not favored in law or equity and statutory provisions therefor must be strictly construed." *State ex rel. Cline v. Indus. Comm.*, 136 Ohio St. 33, 34 (1939). "No forfeiture may be ordered unless the expression of the law is clear and the intent of the legislature manifest." *State v. Lilliock*, 70 Ohio St.2d 23, 26 (1982).

{¶ 25} Pursuant to R.C. Chapter 2981, "[a] law enforcement officer may seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). R.C. 2981.02 lists specific categories of property subject to forfeiture including "[p]roceeds derived from or acquired through the commission of an offense." In cases involving unlawful goods, services or activities, R.C. 2981.01(B)(11) defines "proceeds" as "any property derived directly or indirectly from an offense * * * includ[ing] * * * money." R.C. 2981.01(B)(11)(a).

{¶ 26} Following the seizure of property, a prosecutor may pursue forfeiture of the property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F). A prosecutor initiates criminal forfeiture under R.C. 2981.04 by including in the charging instrument a specification consistent with R.C. 2941.1417 setting forth a description of the property or by providing the defendant with "prompt notice" in conformity with Crim.R. 7(E) that the property is subject to forfeiture. R.C. 2981.04(A)(1) and (2).

{¶ 27} If property is seized and a criminal forfeiture proceeding is not commenced, "the prosecutor of the county in which the seizure occurred shall commence a civil action to forfeit that property" under R.C 2981.05. R.C. 2981.03(F). If the property is not property alleged to be a mobile instrumentality or personal, business or governmental record, the civil action "shall be brought within sixty days of seizure"; however, this period of time may be extended "by agreement of the parties or by the court for good cause shown." R.C. 2981.03(F).

{¶ 28} "Forfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture." *State v. North*, 1st Dist. No. C-120248, 2012-Ohio-5200, ¶ 9. Prior to final adjudication under R.C. 2971.04 or 2981.05, the state acquires provisional title to the property, authorizing the state to seize, hold, and protect the property. R.C. 2981.03(A)(1). " 'Title to the property vests with the state or political subdivision when the trier of fact renders a final forfeiture verdict or order.' " *Id.*, quoting R.C. 2981.03(A)(1). "In the absence of a final forfeiture adjudication, the state's interest in the property seized from [defendant] remains 'provisional.' " *Id.* at ¶ 12.

{¶ 29} Here, as the state notes, defendant did not appeal the July 20, 2011 entries ordering disbursement of defendant's seized funds. However, the trial court ordered those disbursements "in compliance with" and in fulfillment of the mandatory fines imposed as part of defendant's sentences. Since our prior decision vacated defendant's sentences, the July 20, 2011 disbursement orders were also rendered nullities. *See Wilson v. Kreusch*, 111 Ohio App.3d 47, 51 (2d Dist.1996) ("The effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred."); *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987) ("[U]pon remand from an appellate court the lower court is required to proceed from the point at which the error occurred."); *Metropolis Night Club, Inc. v. Ertel*, 104 Ohio App.3d 417, 419 (8th Dist.1995) (finding res judicata did not apply to bar claims where there was no exisiting final judgment due to reversal and remand of prior judgment). Therefore, we shall consider defendant's arguments with regard to forfeiture of his seized funds.

{¶ 30} The trial court in its May 3 and 29, 2013 judgment entries imposed upon defendant mandatory fines in identical amounts to the vacated June 23, 2011 sentencing entries. Unlike the June 23, 2011 sentencing entries, however, the trial court found defendant to be indigent and waived payment of fines and financial sanctions. The trial court did not file a separate judgment entry ordering disbursement of defendant's seized funds. Since the trial court waived defendant's payment of the mandatory fines, it is unclear under what authority the state retained a possessory interest in defendant's seized funds. Defendant cannot both be ordered to pay mandatory fines from his seized funds and simultaneously have such fines waived.

{¶ 31} Defendant's arguments regarding forfeiture under R.C. Chapter 2981 are inapposite here since the record does not reflect that any forfeiture proceedings under that chapter occurred. We note, however, that the issue of the final disposition of the seized funds is not presently before us. Upon remand, defendant may file a motion seeking return of the seized property. The trial court must separately determine (1) the issue of compliance with R.C. Chapter 2981, and (2) whether, based on the resolution of the seized funds, defendant is indigent for purposes of paying any fines imposed as part of defendant's sentence.

{¶ 32} Because the trial court erred by ordering disbursement of defendant's seized funds in compliance with its vacated June 23, 2011 sentencing entries, we sustain defendant's second assignment of error.

## V. Disposition

{¶ 33} Having sustained defendant's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

SADLER, P.J., and DORRIAN, J., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).