[Cite as *State v. Luqman*, 2012-Ohio-5057.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110784<br>TRIAL NO. B-1102137 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ABDULLAH LUQMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 2, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robert R. Hastings, Jr.*, and *Susannah M. Meyer*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1}   In this appeal, we must determine what version of R.C. 2923.16(E) governs the prosecution and sentencing of defendant-appellant Abdullah Luqman for improper handling of a firearm in a motor vehicle:  the statute in effect at the time of Luqman's indictment, or the statute in effect at the time of Luqman's trial and sentencing.  For the reasons that follow, we hold that the former version of R.C. 2923.16(E), in effect at the time of indictment, is applicable in this case.

*Factual Background*

{¶2}   On April 7, 2011, Luqman was indicted for improper handling of a firearm in a motor vehicle pursuant to R.C. 2923.16(E)(1).[1]  The version of R.C. 2923.16(E)(1) then in effect provided that

No person who has been issued a license or temporary emergency license to carry a concealed handgun under section 2923.125 [2923.12.5] or 2923.1213 [2923.12.13] of the Revised Code shall do any of the following:

 (1) Knowingly transport or have a loaded handgun in a motor vehicle unless one of the following applies:

 (a) The loaded handgun is in a holster on the person's person.

{¶3}   On September 30, 2011, R.C. 2923.16(E) was amended by 2011 S.B. No. 17 ("Senate Bill 17").  The amended version of the statute eliminated the

---

[1] Luqman was also indicted for felonious assault in violation of R.C. 2903.11(A)(2).  But he was acquitted of that offense following a jury trial.

requirement that a person licensed to carry a concealed weapon keep the weapon in a holster on the licensee's person. Amended R.C. 2923.16(E) provides that

> No person who has been issued a license or temporary emergency license to carry a concealed handgun under section 2923.125 or 2923.1213 of the Revised Code * * * who is the driver or an occupant of a motor vehicle that is stopped as a result of a traffic stop or a stop for another law enforcement purpose * * * and who is transporting or has a loaded handgun in the motor vehicle or commercial motor vehicle in any manner, shall do any of the following:
>
> (1) Fail to promptly inform any law enforcement officer who approaches the vehicle while stopped that the person has been issued a license or temporary emergency license to carry a concealed handgun and that the person then possesses or has a loaded handgun in the motor vehicle[.]

{¶4}  Luqman was tried by a jury for the charged violation of improper handling of a firearm in a motor vehicle. His jury trial began on October 24, 2011, after the effective date of Senate Bill 17 and the amendments to R.C. 2923.16(E). Luqman made a Crim.R. 29 motion for an acquittal at the close of the state's presentation of evidence. He argued that the charge of improper handling of a firearm in a motor vehicle should have been dismissed because the current version of R.C. 2923.16(E)(1), which he asserted was retroactively applicable, no longer criminalized the offense with which he had been charged, namely failing to keep the loaded handgun in a holster on his person. The trial court ruled that the current

version of R.C. 2923.16(E) was not retroactively applicable, and it overruled Luqman's motion for an acquittal.

{¶5}   Luqman was found guilty of improper handling of a firearm in a motor vehicle, a fifth-degree felony, and was sentenced to a three-year period of community control.  Luqman has appealed his conviction.  He argues in his sole assignment of error that the trial court erred in overruling his motion to dismiss and in convicting him under the former version of R.C. 2923.16(E).

### *Retroactive Application*

{¶6}   A two-step analysis is used to determine whether a statute may be applied retroactively without violating the Retroactivity Clause of the Ohio Constitution.  *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, ¶ 26-27.  The first step involves a determination as to whether the General Assembly intended for the statute to be applied retroactively.  Absent such intent, the statute may not be retroactively applied.  *Id.* at ¶ 27.  The second step of the analysis involves a determination as to whether the statute is substantive or remedial.  Retroactive application is permissible if the statute is remedial, but forbidden if it is substantive. *Id.*  A court only engages in the second step of this analysis if it first finds that the General Assembly intended that the statute be applied retroactively.

{¶7}   Here, we find nothing in Senate Bill 17 or the specific amendments to R.C. 2923.16(E) indicating that the General Assembly intended that the amendments be applied retroactively.  The statute itself contains no language indicating that it applies to offenders who committed their crimes prior to the effective date of the amendments.  In support of his argument that the General Assembly intended that

the amendments be applied retroactively, Luqman cites amended R.C. 2923.16(H), which states

> If a person is convicted of, was convicted of, pleads guilty to, or has pleaded guilty to a violation of division (E) of this section as it existed prior to the effective date of this amendment and if the conduct that was the basis of the violation no longer would be a violation of division (E) of this section on or after the effective date of this amendment, the person may file an application under section 2953.37 of the Revised Code requesting the expungement of the record of conviction.

R.C. 2923.16(H)(2)(a). This provision provides that eligible offenders may obtain an expungement of a conviction that occurred under the former version of R.C. 2923.16(E) for behavior that is no longer criminalized under the amended statute. Luqman's argument is not persuasive. In fact, we find that amended R.C. 2923.16(H) militates against Luqman's argument concerning retroactivity of the amended statute. The plain language of amended R.C. 2923.16(H)(2)(a) clearly contemplates the application of former R.C. 2923.16(E) after the effective date of the amended statute.

{¶8} Because the General Assembly did not intend for amended R.C. 2923.16(E) to be applied retroactively, the trial court properly overruled Luqman's motion to dismiss his indictment and applied former R.C. 2923.16(E), which was in effect at the time of Luqman's indictment, to Luqman's prosecution and sentencing.

### *Felony or Misdemeanor?*

{¶9}   Luqman next argues that, even if this court determines that amended R.C. 2923.16(E) is not retroactively applicable, he should have been sentenced for a first-degree misdemeanor, rather than a fifth-degree felony.

{¶10}  Former R.C. 2923.16 provided that a violation of R.C. 2923.16(E)(1) was a felony of the fifth degree.  *See* R.C. 2923.16(I). But amended R.C. 2923.16(I) provides that a violation of division (E)(1) or (E)(2) of the statute is a misdemeanor of the first degree.   Luqman contends that he is entitled to the benefit and application of R.C. 1.58, and may consequently only be sentenced for a first-degree misdemeanor.

{¶11}  R.C. 1.58(B) provides that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."  If the amendments to R.C. 2923.16(E) had merely changed the degree of punishment applicable to the offense, Luqman's argument would be correct.  But the amendments to this statute did more than decrease the degree of the offense; the amendments changed the substantive nature of the crime of which Luqman was convicted.

{¶12}  The Ohio Supreme Court has analyzed the effect of R.C. 1.58(B) in this situation, specifically when a statute is amended after a crime is committed but before sentence is imposed.  *State v. Kaplowitz*, 100 Ohio St.3d 205, 2003-Ohio-5602, 797 N.E.2d 977, ¶ 8.  In *Kaplowitz*, the court held that "R.C. 1.58(B) does not apply to give a criminal defendant the benefit of a reduced sentence if, by applying it,

the court alters the nature of the offense, including specifications to which the defendant pled guilty or of which he was found guilty." *Id.* at syllabus.

{¶13} In this case, Luqman was found guilty of a violation of R.C. 2923.16(E)(1)(a) for failing to keep his firearm in a holster on his person. That behavior is no longer criminalized under amended R.C. 2923.16(E). The first-degree misdemeanors in amended R.C. 2923.16(E)(1) and (2) are substantively different crimes than that of which Luqman was convicted. Consequently, Luqman was not entitled to the benefit of a reduction in punishment pursuant to R.C. 1.58(B).

{¶14} The trial court properly sentenced Luqman for a felony of the fifth degree. Luqman's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.


**HILDEBRANDT, P.J.,** and **DINKELACKER, J.,** concur.


Please note:
> The court has recorded its own entry on the date of the release of this opinion.