[Cite as *State v. Rose*, 2017-Ohio-8435.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

        CASE NO. 6-17-08

    v.

JOSHUA ALAN ROSE,          O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Hardin County Common Pleas Court**
**Trial Court No. 20162168 CRI**

**Judgment Affirmed in Part, Reversed in Part**
**Cause Remanded**

**Date of Decision:  November 6, 2017**

---

APPEARANCES:

    *Michael B. Kelley* **for Appellant**

    *Jason M. Miller* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Joshua A. Rose ("Rose") brings this appeal from the judgment of the Court of Common Pleas of Hardin County accepting Rose's pleas of guilty to one count of grand theft, and two counts of burglary and for sentencing him to an aggregate prison term of fourteen years and six months. Rose claims that the trial court erred by failing to merge to sentences as they were allied offenses and by imposing consecutive sentences. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On or about June 17, 2016, Rose broke into the home of Lavonda Bowman and stole several items, including a firearm. Doc. 18. Rose also broke into the home of Margaret Osbun and stole several items. *Id.* On or about June 18, 2016, Rose broke into the home of Vivian Stuck and stole several items. *Id.* On December 14, 2016, the Hardin County Grand Jury indicted Rose on 18 counts: 1) Burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; 2) Grand Theft in violation of R.C. 2913.02(A)(1),(B)(4) with a firearm specification, a felony of the third degree; 3) Theft in violation of R.C. 2913.02(A)(1),(B)(2), a felony of the fifth degree; 4) Theft in violation of R.C. 2913.02(A)(1),(B)(2), a felony of the fifth degree; 5) Theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; 6) Theft from a Person in a Protected Class in violation of R.C. 2913.02(A)(1),(B)(3), a felony of the fourth degree; 7) Burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; 8) Theft from a Person in a Protected

Class in violation of R.C. 2913.02(A)(1),(B)(3), a felony of the fourth degree; 9) Burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; 10) Theft from a Person in a Protected Class in violation of R.C. 2913.02(A)(1),(B)(3), a felony of the fourth degree; 11) Theft of Drugs in violation of R.C. 2913.02(A)(1),(B)(6), a felony of the fourth degree; 12) Receiving Stolen Property in violation of R.C. 2913.51(A), a felony of the fifth degree; 13) Possessing Criminal Tools in violation of R.C. 2923.24(A), a felony of the fifth degree; 14) Complicity to Forgery in violation of R.C. 2923.03(A)(2) and 2913.31(A)(1),(C)(1)(c), a felony of the fifth degree; 15) Complicity to Forgery in violation of R.C. 2923.03(A)(2) and 2913.31(A)(1),(C)(1)(c), a felony of the fifth degree; 16) Additional Money Laundering Prohibition in violation of R.C. 1315.55(A)(1), a felony of the third degree; 17) Additional Money Laundering Prohibition in violation of R.C. 1315.55(A)(3), a felony of the third degree; and 18) Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1),(B)(1), a felony of the first degree. Doc. 1. Counts 1-6 and 14-17 resulted from the thefts at the Bowman home. Doc. 18. Counts 7 and 8 resulted from the thefts at the Osbun home. *Id.* Counts 9-11 resulted from the thefts at the Stuck home. *Id.* Pleas of not guilty were entered to all counts. On May 4, 2017, Rose and the State reached a negotiated plea agreement. Doc. 37. The trial court held a hearing on that day at which the following agreement was specified.

**Bailey:  My understanding through the negotiations, Mr. Rose would enter a plea of guilty to count two of the indictment, which is a charge of grand theft, and specifically spec property which is a firearm.  That is a felony of the third degree, a violation of 2913.02A1B4, a felony of the third degree, Ohio Revised Code.  Count seven, he would plead guilty to 2911.12A1, burglary, a felony of the second degree.  Count nine, burglary, a felony of the second degree, in violation of 2911.12A1.  The joint sentence recommendation for the Court is [twenty-four] months for count two; two years for count seven; three years for count nine.  All these counts run consecutive to each other for an aggregate total of seven years.  This case, which is that aggregate total seven years consecutive to case number 20162089, which is a Hardin County Case, CRI.  There is [sic] no mandatory fines in this case, we'd leave the fines to the Court's discretion.  He pay [sic] the costs of this action.  There is restitution – we do have three victims in this case, however to the moment only one victim has turned in issues for restitution.  That would be jointly and severally liable with one Damien Stewart – that's a total under count two of five hundred [twenty-nine] dollars and [twenty-five] cents to one LaVonda Bowman.  Other counts seven and nine do not have any reports turned in for restitution claim, though we've made contact numerous times.  \* \* \***

**Judge:  Mr. Fischmann.  Is that your understanding of the plea negotiations – that your client intends to enter pleas to counts two, seven and nine?**

**Fischmann:  Yes sir.**

**Judge:  And then did you hear the terms Mr. Bailey stated of a recommendation of a sentence/**

**Fischmann:  Yes sir, that is a joint sentence recommendation, yes sir.**

**Judge:  And you believe you've accurately communicated that to Mr. Rose?**

**Fischmann:  I have.**

>**Judge: Alright. So you are joining in that recommendation?**
>
>**Fischmann: Yes sir.**
>
>**\* \* \***
>
>**Judge: \* \* \* [D]id you hear the terms of the recommended sentence Mr. Bailey spoke?**
>
>**Defendant: Yes Your Honor.**
>
>**Judge: And are you joining in that recommendation?**
>
>**Defendant: Yes Your Honor.**

Tr. 5-8. After the trial court advised Rose of all of his rights he would be waiving, the State presented a statement of the facts for the trial court. The State indicated that Rose had entered the Bowman home and removed a 380 revolver among other things. Tr. 21. The State also indicated that Rose had entered the Osbun home and removed jewelry and a laptop computer. Tr. 22. Finally, the State indicated that Rose had entered the Stuck home and removed jewelry, a television, a sound bar, and medication. Tr. 24. Rose admitted that the facts were accurate. Tr. 26. Rose then entered pleas of guilty to Counts 2, 7, and 9. Tr. 39-40. The trial court then accepted the pleas and proceeded to sentencing. Tr. 41.

{¶3} The trial court ordered that Rose serve a prison term of 30 months for count two, three years for count seven and three years for count nine. Tr. 65-67, Doc. 38. The trial court then made the findings that the offenses were part of one or more courses of conduct and that the harm caused was such that a single prison

term would be inappropriate. Tr. 67-68, Doc. 38. In addition, the trial court ordered that the prison term be served consecutive to a sentence ordered in a different case. Tr. 68, Doc. 38. On May 8, 2017, Rose filed his notice of appeal. Doc. 43. Rose raises the following assignments of error on appeal.

### First Assignment of Error

**The trial court erred when it failed to merge count two (grand theft) and count seven (burglary) for sentencing as the two counts are allied offenses with the same animus.**

### Second Assignment of Error

**The trial court erred when it ordered consecutive sentences without making proper findings under [R.C. 2929.14(C)(4)] at the sentencing hearing, and where the record does not support consecutive sentences.**

{¶4} In the first assignment of error, Rose claims that counts two and seven should have merged for the purpose of sentencing. The Supreme Court of Ohio in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, has recently set forth a test for determining whether multiple offenses are allied offenses of similar import such that a defendant may only be convicted of one. In reaching its conclusion, the Supreme Court stated the following.

> **Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.**

> **As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.**

*Ruff* at ¶ 30-31.

{¶5} Rose argues that counts two and seven should have merged as they were allied offenses of similar import. Count two was grand theft based upon the theft of the gun from the Bowman home in Unit C-1. Doc. 1 and 18. Count seven was a burglary offense stating that Rose trespassed in an occupied structure with the intent to commit a criminal offense. Doc. 1. This offense, while occurring on the same date, occurred at the Osbun home in Unit D-3. Doc. 18. Although these were in the same complex, they were not the same apartments. Thus, the offenses were committed separately and as such they are not allied offenses of similar import. The first assignment of error is overruled.

{¶6} Next Rose claims that the trial court erred in ordering him to serve consecutive sentences.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the**

**offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18] or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). Initially, this court notes that count two was required to be served consecutive to all other sentences by R.C. 2929.14(C)(3). Thus the only question before us is if the convictions for burglary were appropriately ordered to be served consecutively. "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29, 16 N.E.3d 659. The failure to make the findings at the hearing cannot be corrected by making them in the journal entry. *Id*. at ¶ 30.

{¶7} Here, the trial court made the following findings at the hearing.

**Concerning the issue of consecutive nature, there has been in the joint sentencing recommendation it has been suggested that it is appropriate to run them consecutively. In addition, the Court specifically finds, pursuant to section 2929.14, that at least two or**

**more of the multiple offenses committed were part of one or more courses of conduct and the harm caused by two or more of the multiple offenses is so great or unusual that no single prison term for any of the offenses would be appropriate, and therefore it will be the order of the Court that the three sentences in this case would be aggregated and run consecutively, for an aggregated term of six years plus thirty months – lay person's terms eight and a half years. The Court will order that the sentence in this case, again pursuant to the plea negotiations, but upon the Court's independent review, would run consecutive to that sentence issued in – and I believe the case number is 20162089 – a sentence of six years was aggregated out of that case. So therefore, between the two cases, there will be an aggregated term of imprisonment of fourteen and a half years.**

Tr. 67-68. The trial court noted that there was a plea agreement that was placed in the record. In addition, at the hearing the parties stated that they had an agreed sentence and stated what it was for the record.[1] An agreed sentence is not subject to appellate review if the trial court imposes it. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 6, 922 N.E.2d 923 and R.C. 2953.08. However, in this case the trial court did not impose the agreed upon sentence, instead choosing, as is permitted by law, to impose a different sentence. Because the trial court imposed a different sentence, the trial court was required to make all of the statutory findings.[2] The trial court specifically addressed the fact that the offenses were separate courses

---

[1] The sentence agreement document was not entered into the record. We note that the State attached the document itself to its brief, however this court may not consider the document itself as it was not made a part of the record.

[2] The State argues that the trial court was not required to make any findings before imposing consecutive sentences due to the holdings in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 and *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 306. This court notes that those cases were decided in 2008 and 2006 respectively. The amended version of R.C. 2929.14(C)(4) was part of HB 86 and was effective on September 30, 2011. This amendment once again required the trial court to make certain findings prior to imposing consecutive sentences.

of conduct and that the harm was so great that a single prison term would not be appropriate, as required by the statute. However, the trial court failed to find that the consecutive sentences were necessary to protect the public or adequately punish the offender and that the sentence was not disproportionate to the conduct of the defendant and the danger posed to the public. While these issues were discussed as they applied to whether the court should impose community control sanctions or prison, they were not discussed as to whether consecutive sentences were appropriate. The statute and the holdings of the Ohio Supreme Court mandate that the trial court make all of the enumerated findings at the sentencing hearing. R.C. 2929.14(C)(4) and *Bonnell, supra.* The trial court did not do so in this case. Thus, the second assignment of error is sustained.

{¶8} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings.

*Judgment Affirmed in Part*
*Reversed in Part*
*Cause Remanded*

**PRESTON, P.J. and ZIMMERMAN, J., concur.**

**/hls**