[Cite as *State v. Golden*, 2018-Ohio-1253.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-17-41

    v.

JAMES A. GOLDEN,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-07-0201

Judgment Affirmed

Date of Decision: April 2, 2018

APPEARANCES:

    *Samantha L. Berkhofer* for Appellant

    *David A. Walsh, Jr.* for Appellee

**WILLAMOWSKI, P.J.**

{**¶1**} Defendant-appellant James A. Golden ("Golden") brings this appeal from the judgment of the Court of Common Pleas of Logan County sentencing him to twelve months in prison. On appeal, Golden argues that the trial court failed to follow the sentencing criteria in Chapter 2929 of the Revised Code. For the reasons set forth below, the judgment is affirmed.

{**¶2**} On July 11, 2017, the Logan County Grand Jury indicted Golden on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. Doc. 4. Golden initially entered a plea of not guilty to the indictment. Doc. 11. On August 24, 2017, a change of plea hearing was held. Doc. 26. At that time, the State amended the indictment to a charge of unauthorized use of a motor vehicle in violation of R.C. 2913.03(B), a felony of the fifth degree. *Id.* Golden then withdrew his plea of not guilty and entered a plea of guilty to the amended indictment. *Id.* As part of the plea agreement, there was a joint sentencing recommendation of 90 days in the county jail. *Id.* The trial court accepted the plea and found Golden guilty as charged. *Id.* A sentencing hearing was then held on September 28, 2017. The trial court sentenced Golden to serve twelve months in prison. Doc. 27. Golden filed a timely notice of appeal from that sentence. Doc. 38. On appeal, Golden raised the following assignment of error.

> **The trial court erred by failing to properly follow the sentencing criteria set forth in [R.C. 2929].**

{¶3} Golden argues in the sole assignment of error that the trial court did not consider the sentencing criteria set forth in R.C. 2929.11 and 2929.12. This court has previously held that trial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶ 21. The trial court is not required to make any specific findings to demonstrate the consideration of those general guidance set forth in R.C. 2929.11 and 2929.12. *Id.*

> **R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).**

*Id.* at ¶ 22. Golden was convicted of a fifth degree felony. "For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). The sentence imposed by the trial court was within this statutory range. Thus, the only question before this court is whether the trial court considered the statutory factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶4} A review of the record shows that the trial court considered the presentence investigation report ("PSI") which addressed each of the statutory

factors presented by R.C. 2929.12. The trial court went over the extensive criminal record of Golden, including convictions which resulted in a prison term in Missouri. Tr. 5-9. The trial court specifically addressed the guidance of R.C. 2929.11.

> **I don't believe that – I don't believe that rehabilitation is really in the cards here. I think it's just a matter of protecting the public. So the question becomes how long. That really is – protecting the public is a permissible purpose under [R.C. 2929.11]. I have – I believe that the sentence I'm going to impose is consistent with how I would treat other defendants who were similarly situated committing the same offense. I believe that the harm is proportional – excuse me, the sentence is proportional to the harm that was caused.**
>
> **\* \* \***
>
> **I have not seen any remorse for this offense. Is 90 days sufficient to – to penalize him? That's not my – I don't believe so. I – I understand that the – there's a joint recommendation, but this – this record does not warrant that. As I've indicated, while – while felonies of the fifth degree normally do not favor imprisonment, this defendant has a lengthy history of not being amenable to community control sanctions. A prison term is consistent with the purposes and principles of sentencing.**

Tr. 10-11. Although the trial court did not specifically address the factors set forth in R.C. 2929.12 by name, the trial court did mention the factors. The trial court reviewed the prior criminal history, the failure of Golden to respond favorably to prior sanctions, and his lack of remorse. Tr. 8-10. The record clearly indicates that the trial court had considered the factors set forth in both R.C. 2929.11 and R.C. 2929.12 in determining what sentence to impose. There is competent, credible evidence in the record to support the conclusions of the trial court. Because the

sentence was within the statutory range, the trial court considered the statutory factors, and there was evidence to support the trial court's conclusions regarding the factors, the trial court did not err when imposing the sentence. The assignment of error is overruled.

{¶5} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**