[Cite as *State v. Rose*, 2018-Ohio-4469.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 6-18-08

    v.

JOSHUA ALAN ROSE,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20162168CRI

**Judgment Affirmed**

Date of Decision: November 5, 2018

APPEARANCES:

    *Michael B. Kelley* **for Appellant**

    *Jason M. Miller* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Joshua A. Rose ("Rose") brings this appeal from the judgment of the Hardin County Court of Common Pleas sentencing him to consecutive sentences. Rose claims on appeal that the record does not support the imposition of consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 4, 2017, Rose and the State reached a negotiated plea agreement in which Rose agreed to enter guilty pleas to one count of Grand Theft and two counts of Burglary. Doc. 37. The agreement also had a joint sentencing recommendation of consecutive sentences for an aggregate sentence of seven years in prison. *Id.* Instead of imposing the agreed sentence, the trial court imposed an aggregate sentence of 8 ½ years in prison. *Id.* However, the trial court failed to make the statutorily required findings to impose consecutive sentences. Rose appealed from the sentence and this court reversed the sentence and remanded it for resentencing. *State v. Rose*, 3d Dist. Hardin No. 6-17-08, 2017-Ohio-8435.

{¶3} On May 24, 2018, the trial court held a new sentencing hearing. Doc. 67 At the hearing, the trial court imposed the same sentence.[1] *Id.* However, this time, the trial court made the following statements.

---

[1] This Court notes that although the trial court states that it is accepting the jointly recommended sentence, it did not do so. By accepting the recommendation but having "modified it slightly", the trial court is actually rejecting the recommended sentence and imposing its own sentence. Tr. 28. The trial court has every right to impose its own sentence, thus the incorrect statement would not be grounds for reversal.

> **Concerning the consecutive nature of sentencing, the Court does find that consecutive sentencing is necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and the danger that the offender poses to the public. The Court further finds very specifically that two or more of the multiple offenses before the Court were committed as the [sic] part of one or more courses of conduct, and that the harm caused by the two or more multiple offenses is so great or so unusual that no single prison term for any of the offenses would adequately protect the public, and reflect the seriousness of the offender's conduct. The Court further finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary. The Defendant has been, as an adult, convicted of a felony of the fourth degree, trespass in a habitation when a person is present or likely to be present. Further, the Court finds that as an adult the Defendant has been convicted of a theft offense, being receiving stolen property as a misdemeanor. So the Court finds that both of those lead the Court to believe that your history of criminal conduct does provide that consecutive sentencing is necessary to protect the public from future crime by you.**

Tr. 30-31. The trial court also ordered that this sentence be served consecutive to a sentence in a separate case. Doc. 67. Rose appeals from this sentence and raises the following assignment of error.

> **[Rose's] sentence is both contrary to law and an abuse of discretion as the trial court sentenced [Rose] to consecutive sentences having stated that it considered all of the required factors, but having a complete lack of facts to support the claimed findings under [R.C. 2929.11 and 2929.12], and the appeals court can clearly and convincingly find that the record does not support the sentencing court's findings under [R.C. 2929.13(B), (D)], [R.C. 2929.14(B)(2)(e), (C)(4)], or [R.C. 2929.20(I)], whichever, if any, is relevant, and should reduce [Rose's] sentence accordingly pursuant to [R.C. 2953.08(G)(2)].**

{¶4} The sole issue on appeal is whether the trial court properly imposed consecutive sentences. This court has previously held that trial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Golden*, 3d Dist. Logan No. 8-17-41, 2018-Ohio-1253, ¶ 3. Rose challenges the trial court's use of the sentencing factors set forth in R.C. 2929.11 and 2929.12. "Although the trial court is required to consider the factors set forth in [R.C. 2929.11 and 2929 .12], the trial court is not required to either discuss the factors on the record or even to state that the factors were considered on the record as long as the record is sufficient for a court to determine that the consideration occurred." *State v. Hall*, 3d Dist. Auglaize No. 2-10-37, 2011-Ohio-2609, ¶ 5.

> **R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).**

*State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶ 22.

{¶5} Here, Rose was convicted of one third degree felony and two second degree felonies. All of the sentences imposed were within the statutory range. See

R.C. 2929.14. The next question then is whether the trial court considered the statutory factors. The trial court specifically indicated that it had considered the purposes and principles of sentencing, which are set forth in R.C. 2929.11. Tr. 24. The trial court noted that there were multiple victims and that the victims were all elderly. Tr. 25. The trial court also noted that none of the less serious factors were applicable. Tr. 25. As to recidivism, the trial court noted that Rose had a history of criminal convictions as an adult, including a prior felony for which Rose had served community control. Tr. 25. The trial court then determined that Rose had not expressed genuine remorse for his offenses. Tr. 25-26. Based upon the facts known to the trial court, the trial judge found that Rose was likely to commit future crimes. Tr. 26. The trial court clearly considered the statutory factors. There is some competent, credible evidence in the record to support the conclusions of the trial court.

{¶6} The next issue that must be addressed is whether the trial court properly imposed consecutive sentences.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a**

**sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18] or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29, 16 N.E.3d 659.

**{¶7}** A review of the record in this case shows that the trial court made all of the findings required by the statute at the hearing and again stated them in the journal entry.

**The Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds that at least * * * two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; further, that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

Doc. 67 at 4. Since the sentences were within the statutory range, the trial court considered the statutory factors, there was evidence to support the trial court's conclusions regarding the factors, and the trial court made the statutorily required findings to impose consecutive sentences, the trial court did not err when imposing the sentences. The assignment of error is overruled.

{¶8} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Hardin County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**