[Cite as *State v. Schaeffer*, 2019-Ohio-2481.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  CASE NO. 13-19-10

  v.

CHARLES V. SCHAEFFER,

                                    O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 14 CR 0124**

**Judgment Affirmed in Part and Reversed in Part**

**Date of Decision:  June 24, 2019**

---

APPEARANCES:

    *Jennifer L. Kahler* **for Appellant**

    *Derek W. DeVine* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Charles V. Schaeffer ("Schaeffer") brings this appeal from the judgment of the Court of Common Pleas of Seneca County imposing restitution in the amount of $41,530 and ordering Schaeffer to pay counsel fees for his appointed counsel. Schaeffer claims on appeal that the amount of restitution was not supported by adequate evidence and that the trial court erred by requiring him to pay court appointed counsel fees without first considering his present and future ability to pay. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} In October 2014, a jury convicted Schaeffer of four counts: 1) Complicity to Aggravated Arson in violation of R.C. 2923.03(A)(2),(F) and 2909.02(A)(1),(B)(2), a felony of the first degree; 2) Complicity to Aggravated Murder in violation of R.C. 2923.03(A)(2),(F) and 2903.01(B),(F), a special felony; 3) Complicity to Murder in violation of R.C. 2923.03(A)(2),(F) and 2903.02(B),(D), a special felony; and 4) Complicity to Attempted Murder in violation of R.C. 2923.03(A)(2),(F) and 2923.02(A),(E)(1), a felony of the first degree. Doc. 53. On October 31, 2014, the trial court sentenced him to an aggregate prison term of 25 years. *Id*. The trial court also ordered Schaeffer to pay restitution in the amount of $54,429.45 and to pay all costs of prosecution, including appointed counsel costs. *Id*. Schaeffer appealed from this judgment. Doc. 57. On August 31, 2015, this court affirmed the convictions on Counts 1 and 3, but reversed the convictions on

Counts 2 and 4. *State v. Schaeffer,* 3d Dist. 13-14-34, 2015-Ohio-3531, 41 N.E.3d 813. Although the issue of restitution and the failure to hold a hearing in regards to ability to pay was raised as an assignment of error in that appeal, it was declared moot due to the fact that a new sentencing hearing would be required which necessitated its reconsideration. *Id*. at ¶ 92.

{¶3} On January 19, 2016, the State filed a motion to dismiss count 2 of the indictment without prejudice. Doc. 73. The State claimed that since Schaeffer was already serving an indefinite term of fifteen years to life, proceeding with a trial on count 2 "would not serve the interest of justice or judicial economy." *Id*. The trial court granted the motion on January 21, 2016. Doc. 74. On March 19, 2018, the trial court sua sponte dismissed count 4 of the indictment. Doc. 76.

{¶4} On February 1, 2019, a resentencing hearing was held. Doc. 88 and 90[1]. At the hearing, the trial court ordered Schaeffer to serve an aggregate prison term of fifteen years to life. *Id*. The trial court also ordered Schaeffer to pay restitution in the amount of $41,530.00. *Id*. The trial court noted the following:

> **Counsel for defendant reminded the Court that defendant did not object to the restitution amount at the time of sentence. Further, defendant does not have the ability to pay restitution in this case due to his indefinite incarceration in a state penal institution.**

*Id*. at 3. Then the trial court ordered Shaeffer to pay court appointed counsel fees. *Id*. At no place in either the original or the nunc pro tunc judgment entries is there

---

[1] Doc. 88 was the original sentencing entry. Doc. 90 was a nunc pro tunc entry that matched the first entry in the relevant parts.

any affirmative indication of Schaeffer's ability to pay the fees and restitution either now or in the future. Schaeffer filed a notice of appeal from this entry. Doc. 91. On appeal, Schaeffer raises the following assignments of error.

**First Assignment of Error**

**The sentence should be reversed because there was inadequate evidence to support the amount ordered.**

**Second Assignment of Error**

**The sentence should be reversed because the trial court erred in ordering [Schaeffer] to pay court appointed counsel fees without first considering [Schaeffer's] present and future ability to pay.**

*Restitution*

{¶5} Schaeffer claims in the first assignment of error that the evidence supporting the amount of restitution was inadequate. Restitution orders are governed by R.C. 2929.18(A)(1) which provides in pertinent part as follows.

**(A) * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:**

**(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided**

**that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.**

R.C. 2929.18(A). Pursuant to the statute, the amount of restitution ordered may be supported by testimony. *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, 41 N.E.3d 899.

{¶6} At the sentencing hearing, the trial court took evidence on the requested amount of $41,530 in restitution. The brother of the victim testified that the estimate for the loss of the home and its contents was $41,530. Tr. 12. He testified that the house and all the contents were completely consumed by the fire with nothing being salvaged. Tr. 13. The basis for the amount was the prior calculations discussed at the time of the trial. Tr. 12. The victim advocate testified that the amount requested at this hearing was the same as was requested in 2014 for the house and its contents. Tr. 16. Both the brother and the victim advocate testified that they were not aware of any insurance on the property. Tr. 13, 16. Counsel for Schaeffer admitted that at the time of the original sentence, no objection to the amount of restitution was raised. Tr. 18. *See State v. Wilkins*, 3d Dist. Shelby No. 17-13-13, 2014-Ohio-983 (holding that it was not plain error for the trial court to rely upon the victim's estimate of the economic loss suffered). Thus, there was a recommendation from

the sibling of one of the deceased victims regarding the economic loss sustained because of the arson. This evidence is statutorily permitted to be the basis of the judgment. The trial court did not err in relying on this evidence to determine the amount of restitution due. The first assignment of error is overruled.

*Appointed Counsel Fees*

{¶7} Schaeffer claims in the second assignment of error that the trial court erred by ordering him to pay fees for his court appointed counsel without making an affirmative determination of Schaeffer's ability to pay the fees now or in the future. The State claims that since the record does not show that the trial court failed to consider this factor, we should affirm the judgment. The imposition of expenses for court appointed attorneys is governed by R.C. 2941.51, which states in pertinent part as follows.

> **(D) The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.**

R.C. 2941.51(D).

{¶8} This court has addressed this exact issue previously. In *State v. Shaffer*, the trial court ordered Shaffer to pay the court appointed counsel fees without first determining whether she had a present or future ability to pay such fees. 3d Dist.

-6-

Union No. 14-09-06, 2009-Ohio-4804, ¶ 5.  Shaffer appealed this order.  *Id*. at 6.

Based upon R.C. 2941.51(D), this Court has previously held as follows:

> **[A]n indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record in the form of a journal entry that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him.  The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay.**

*Id*. at ¶ 20 (quoting *State v. Johnson*, 3d Dist. No. 16-03-09, 2004-Ohio-1513, ¶ 50).

*See also*, *State v. Burns*, 3d Dist. No. 9-98-21, 1999 WL 180780 (Mar. 15, 1999);

*State v. White*, 3d Dist. Nos. 3-97-18, 3-97-19, 1998 WL 229785 (Apr. 21, 1998),

and *Galion v. Martin*, 3d Dist. No. 3-91-06, 1991 WL 261835 (Dec. 12, 1991).  This

Court held that since the trial court "failed to make an affirmative finding of

Shaffer's present or future ability to pay indigent counsel fees in its journal entry of

sentence; * * * [it] erred in assessing indigent counsel fees."  *Shaffer, supra.*  The

judgment was then remanded for resentencing to allow the trial court to make a

determination as to whether to assess indigent counsel fees using the procedures

previously adopted by this court in *Galion*, *supra.  Id*.

{¶9} Here, the record does not indicate that the trial court considered

Shaeffer's current or future ability to pay the court appointed counsel fees.  The

record does show that Shaeffer was indigent, which is why he was entitled to court

appointed counsel, and that he was sentenced to a prison term of fifteen years to life.

The journal entry does not discuss his ability to pay other than a single statement that he does not have the ability to pay. As has been previously held by this court, the judgment entry must contain an affirmative finding regarding Shaeffer's ability to pay court appointed counsel fees before he can be ordered to do so. Thus, the trial court erred by imposing the fees without making the required finding. Accordingly, the second assignment of error is sustained.

{¶10} Having found error in one of the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is affirmed in part and reversed in part.

*Judgment Affirmed in Part,*
*Reversed in Part*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**