[Cite as *State v. Allen*, 2025-Ohio-5785.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

JAJUAN SAMUEL ALLEN,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-16

OPINION AND
JUDGMENT ENTRY

Appeal from Marion County Common Pleas Court
Trial Court No. 24-CR-309

Judgment Reversed and Cause Remanded

Date of Decision:  December 29, 2025

APPEARANCES:

    *Felice Harris* for Appellant

    *Allison M. Kesler* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jajuan Allen ("Allen") brings this appeal from the judgment of the Court of Common Pleas of Marion County, sentencing him to an aggregate prison term of 17 to 22 ½ years in prison and ordered that seized money be forfeited. On appeal Allen challenges 1) the forfeiture of the funds, 2) the assessment of a mandatory fines, and 3) the imposition of consecutive sentences. For the reasons set forth below, the judgment is reversed.

{¶2} On August 28, 2024, the Marion County Grand Jury indicted Allen on one count of engaging in a corrupt activity in violation of R.C. 2923.32, three counts of trafficking in a fentanyl-related compound in violation of R.C. 2925.03, and three counts of possession of a fentanyl-related compound in violation of R.C. 2925.11, all felonies of the first degree. Each of the counts in the indictment contained a specification for forfeiture of money in a drug case. A jury trial was held and during the trial, the State elected to dismiss the forfeiture specifications before they could be submitted to the jury for review. On May 21, 2025, the jury found Allen guilty of all charges. The verdict forms did not address the forfeiture specifications. The trial court held a sentencing hearing on June 24, 2025. At sentencing the trial court found that counts two and three, counts four and five, and counts six and seven were allied offenses of similar import and merged for sentencing. The State chose to proceed with counts two, four, and six. The trial court then sentenced Allen to a

-2-

mandatory indefinite prison term of six to eleven years on count one, six years on count two, six years on count four, and six years on count six. The court ordered that counts two, four, and six be served concurrently, but consecutive to count one and made the required findings to impose consecutive sentences. The trial court then ordered that Allen pay a mandatory fine, with the money seized upon Allen's arrest being applied to the fine.

> As to Count 2, the defendant will receive a mandatory $10,000 fine. 8,307 -- $8,337 of the seized money will be applied to that fine, the balance will remain owed. Court cannot issue additional fines because of the indigency of Mr. Allen through the filings of appropriate affidavits. Court costs will be assessed. Attorney fees will be assessed in this case.

Sentencing Tr. 18-20. Allen appeals from this judgment and raises the following assignments of error.

## First Assignment of Error

**The trial court committed plain error by imposing a de facto forfeiture over [Allen's] seized funds and applying the funds toward payment of his mandatory fine.**

## Second Assignment of Error

**The trial court erred in assessing a mandatory fine and attorney's fees when it clearly considered and acknowledged "the indigency of [Allen] through the filings of appropriate affidavits".**

## Third Assignment of Error

**[Allen's] sentence is clearly and convincingly contrary to law.**

*Forfeiture*

**{¶3}** In the first assignment of error, Allen claims that the trial court erred by ordering the forfeiture of the funds seized from him upon his arrest. Proceeds from the commission of an offense are subject to forfeiture to the State. R.C. 2981.02(A)(1)(b). The State may seize the property only if the defendant is convicted of an offense and the indictment charging the offense contains a specification of forfeiture. R.C. 2981.04. "The trier of fact shall determine whether the property is subject to forfeiture." R.C. 2941.1417(B). In a criminal action, the defendant has the right to have the forfeiture specification determined by the jury. R.C. 2981.08(A). Allen argues that since the jury never determined that the seized property was subject to forfeiture, the trial court erred by ordering the forfeiture of it.

**{¶4}** Generally, forfeitures are not favored in law and the forfeiture statues are to be interpreted strictly against the State. *State v. Abston*, 2022-Ohio-884, ¶ 40 (3d Dist.). "Proceeds" are defined as "any property derived directly or indirectly from an offense" and may include money from drug transactions. *Id*. at ¶ 39 and R.C. 2981.01(B)(11)(a). "However, in order for such 'proceeds' to be forfeited, a defendant has to be convicted of a crime *and* a forfeiture specification 'of the type described in [R.C. 2941.1417]' has to be included in the indictment." *Abston* at ¶ 39. The failure to obtain a judgment from the trier of fact indicating the property to

be forfeiting means the statutory procedures were not followed and the forfeiture is contrary to law. *State v. Harbut*, 2024-Ohio-4811, ¶ 69 (2d Dist.).

{¶5} The State admits in its brief that the forfeiture specifications were dismissed before the jury, the trier of fact in this case, could rule on them. Thus, the trier of fact did not determine that the property seized was subject to forfeiture. The State argues that this should not matter because Allen was "made aware of the State's intentions regarding those monies when he was served with the indictment listing the forfeiture specifications for the same."[1] Appellee's Brief at 3. The issue of notice of the State's intent is irrelevant in this situation. R.C. 2941.1417(B) provides that the issue of whether a property is to be forfeited is one for the trier of fact to resolve. The State chose to dismiss the forfeiture specifications and the verdict forms did not contain the potential forfeitures. Since the trier of fact did not determine the property to be forfeited as required by law, the property is not subject to criminal forfeiture merely because the State put the specification in the indictment.[2] *State v. Allen*, 2014-Ohio-1806, ¶ 28 (10th Dist.) (forfeiture may only be ordered after the trier of fact has found the property subject to forfeiture).

{¶6} The State also argues that since Allen did not object to the forfeiture of the property, he has waived the right to argue it now. This court has previously held

---

[1] The State provided a lengthy explanation as to why it could have obtained a judgment supporting a forfeiture but provided no explanation as to why this mattered since it had withdrawn the forfeiture specifications from consideration by the jury. The State provides no legal authority to support its position that mere notice is sufficient despite the statutory language requiring the trier of fact to determine the property to be forfeited.

[2] If property is seized and a criminal forfeiture does not occur, the prosecutor of the county in which the seizure occurred may proceed with a civil forfeiture if the statutory requirements are met.

this is not always the case. "Importantly, however, failure to object does not waive any arguments regarding forfeiture on appeal because 'forfeiture of property is created by statute,' and 'forfeitures are disfavored.'" *Abston* at ¶ 44 quoting *State v. Christian,* 2016-Ohio-516, ¶ 31 (2d Dist.). The failure to raise the issue at sentencing did not prevent the trial court from correcting the issue. Once the verdicts were entered, the exclusion of the forfeiture from the verdict forms could not have been corrected by the trial court. *Christian* at ¶ 32. The first assignment of error is sustained.

*Mandatory Fines and Attorney Fees for Indigent Defendant*

{¶7} Allen claims in the second assignment of error that the trial court erred in imposing the mandatory fine and attorney fees despite stating that Allen was indigent. Mandatory fines are appropriate for anyone convicted for a first, second or third degree felony violation of R.C. 2925. R.C. 2929.18(B)(1).

> 1) For a first, second, or third degree felony violation of any provision of Chapter 2925, 3719, or 4729 of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

R.C. 2929.18(B)(1). A mandatory fine is a criminal sanction that must be imposed unless two conditions are met: 1) the offender files an affidavit of indigency and 2)

the trial court determines that the offender is indigent. *State v. Moore*, 2012-Ohio-5479. If these conditions are met, the trial court shall not impose the mandatory fine upon the offender. *Id.* at ¶ 13. The trial court lacks discretion to impose the fine if the conditions are met or to not impose the fine if they are not met. *Id.* If a defendant files an affidavit of indigency, the trial court "must consider the defendant's present and future ability to pay the amount of the sanction or fine." *State v. Gamble*, 2018-Ohio-895, ¶ 23 (3d Dist.). While the trial court is not required to make specific findings, the record must show that the trial court considered the defendant's ability to pay before imposing the fine. *Id.*

{¶8} Here, there is no question that Allen filed the appropriate affidavit of indigency. The trial court acknowledged such during the sentencing hearing. The trial court stated that although it was imposing the mandatory fine, it could not "issue additional fines because of the indigency of [Allen] through the filings of appropriate affidavits". Sentencing Tr. 18. Once the affidavit was filed, the trial court was required to determine if Allen was indigent for the purpose of the mandatory fine, which required the trial court to consider Allen's present and future ability to pay the fine. If the trial court determined that Allen lacked the present and future ability to pay the fine, the trial court could not impose the mandatory fine pursuant to R.C. 2929.18(B)(1). However, if the trial court found Allen had the ability to pay the fine, the trial court was required to impose the mandatory fine despite the filing of the affidavit of indigency.

-7-

{¶9} A review of the record does not support that the trial court clearly determined Allen's ability to pay the fine. The trial court imposed the mandatory fine, which indicates that the trial court did not find Allen to be indigent for the purpose of paying the fine. However, the trial court then goes on to say that Allen filed the required affidavit of indigency and lacked the ability to pay the fines. As a result, the trial court made contradictory statements. A defendant cannot both be ordered to pay mandatory fines from his seized funds and simultaneously have fines waived due to indigency. *Allen* at ¶ 30. Since at this point there are no forfeiture proceedings that comply with R.C. 2981 before this court, this matter must be remanded for the trial court to determine whether Allen is indigent for the purpose of paying any fines as part of his sentence.

{¶10} Allen also challenges the trial court's decision to require him to pay attorney fees for his appointed counsel. R.C. 2941.51(D) provides that a court may order a defendant for whom counsel was appointed to pay some part of the cost of the services to the county. However, before a trial court may do so, it must first make an affirmative determination on the record that the defendant has or reasonably may be expected to have the means to pay all of the attorney fees for the legal services rendered to him. *State v. Parks*, 2020-Ohio-145, ¶ 39 (3d Dist.). This Court has indicated that this determination on the record should be made in the form of a journal entry. *Id*. and *State v. Schaeffer*, 2019-Ohio-2481 (3d Dist.). The record in this case does not contain any indication that Allen had or will have the ability to

pay the attorney fees. A review of the sentencing entry shows that attorney fees are not even mentioned. Since the trial court failed to make an affirmative finding regarding Allen's present or future ability to pay indigent counsel fees in its journal entry of sentence, it erred in assessing attorney fees. *Parks* at ¶ 40. Thus, the matter must be remanded to the trial court for further determination. The second assignment of error is sustained.

*Imposition of Consecutive Sentences*

{¶11} In the third assignment of error, Allen claims that the trial court erred by imposing consecutive sentences. The imposition of consecutive felony sentences is controlled by R.C. 2929.14(C)(4).

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *State v. Nienberg*, 2017-Ohio-2920, ¶ 17 (3d Dist.). The failure to make all three findings at the sentencing hearing and in the journal entry is reversible error. *State v. Bonnell*, 2014-Ohio-3177 and *State v. Rose*, 2017-Ohio-8435 (3d Dist.).

{¶12} Here, the trial court made the following statements regarding consecutive sentences at the hearing.

I do have to make certain findings, Mr. Allen, as to consecutive sentences are necessary to protect the public from future crime or to punish the offender. The Court also finds that the offender's criminal history of conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Sentencing Tr. 20. Although the trial court found that consecutive sentences were necessary to protect the public or punish the offender and found that subsection (c) applied, it failed to address the proportionality of the sentence as required by R.C. 2929.14(C)(4). In the sentencing entry, the trial court did make the finding "that the sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger posed by the Defendant." June 25, 2025 Sentencing Entry at 3.

However, the failure to make the required findings at the hearing is reversible error. For this reason, the third assignment of error is sustained.

{¶13} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is reversed and the matter is remanded for further proceedings.

***Judgment Reversed***
***And Cause Remanded***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.

_____
John R. Willamowski, Judge

_____
Juergen A. Waldick, Judge

_____
William R. Zimmerman, Judge

DATED:
/hls